In the Matter of HOWARD W. BAKER, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles, Respondent.

Supreme Court, Special Term, Albany County, March 6, 1948.

*Joseph Silverman* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Irving I. Waxman* of counsel), for respondent.

BERGAN, J. Petitioner argues that because there was no contact between his car and the truck and because the truck driver was solely negligent in the accident, he is not within the scope of the Motor Vehicle Safety-Responsibility Act (Vehicle and Traffic Law, § 94 *et seq.*).

In this argument he is mistaken. If his car was " involved " in the accident " in any manner ", he is within the act. (See Vehicle and Traffic Law, § 94-e.)

I hold that if petitioner opened the door of his vehicle in such a manner as to affect in any way the operation of the other vehicle, he is " involved " in the accident. This involvement would exist even if all the negligence were elsewhere and the petitioner not at all negligent.

If there were no involvement whatever, of course, petitioner would not be within the act. But respondent pleads a report made to him in pursuance of law showing that petitioner's act of opening the door was a factor in the accident and showing a substantial amount of physical damage. Petitioner does not show that his door was not opened. He merely pleads no contact and a conclusion of law of no contribution and pleads the negligence of the other driver.

All this is not enough. On the record presented to me there is no triable issue of fact and the respondent was not only justified in requiring financial security; he was compelled by law to do so.

But if petitioner desires to show that he did not open the door of his car and that it was not " involved " in the accident within any reasonable scope of the statute, he should not be precluded from pleading this in a clear factual presentation.

Petition dismissed, without costs and without prejudice.

Submit order.