Charles A. Loreto, J.
By order of this court the question presented for trial is ££ was the accident in which petitioner was injured occasioned by a ‘ hit and run ’ car whose owner or operator cannot be identified?” Both parties submitted their evidence before the court without a jury.
*550 The court finds that the petitioner was a passenger in a motor vehicle on September 21, 1961, which had come to a complete stop at one of the toll gates of the Triborough Bridge. At the time it was lightly struck in the rear by another vehicle. The driver of petitioner’s car got out of his vehicle as did the operator of the other vehicle. They both examined their vehicles, saw no damage and the owner-operator of petitioner’s vehicle then inquired of the petitioner and another passenger in his vehicle whether they were all right. To this question he received the affirmative answer. Neither driver having observed any damage to the vehicles nor injury to any person, thought it necessary to exchange any identification data. Therefore they proceeded on their respective ways. At the time the petitioner did not appear to be injured nor did he make claim of any injury either to the driver of the vehicle in which he was a passenger or to his copassenger throughout the balance of their homeward trip.
The following day he entered a hospital, claiming headaches and other pain. He remained there a brief period of time. Thereafter he filed a claim with the respondent for the alleged injuries.
It is clear that there was contact between the two vehicles, and that there was a “hit”. However, there was no “runaway ” of the other vehicle. Neither the operators of both the vehicles nor the passengers saw the need at the time to obtain vehicle or operator identification. There is no proof that the petitioner either because of physical or mental disability was incapable of attempting to secure such data at the time. After the vehicles departed on their respective courses, and since, it became impossible to ascertain the identity of the other vehicle or its operator.
Whether the petitioner actually suffered any injuries because of this contact and the extent of such injuries, is not for the court to pass upon at this time. No doubt what was said and done by the parties at the scene of the occurrence and shortly thereafter may have some bearing on this question when this issue is presented for trial.
Although the offending vehicle in the ordinary sense of the expression cannot be said to be a “ hit and run ” automobile, it was a vehicle “ whose owner or operator cannot be identified ”. Truly, the operator of the other vehicle cannot be charged with “ leaving the scene of accident without reporting ” for he was unaware of any property damage or personal injury resulting from the contact. And, he remained at the scene of the occurrence, apparently ready to respond to any questions.
*551 Whether because of ignorance or negligence, the petitioner did not bestir himself, in an attempt to secure the identification when it was available, and failed to do so, will not preclude an answer in the affirmative to the question before the court. The usual case is one where the offending vehicle is one which makes contact and flees without its operator stopping to give an opportunity for identification. Such is the ordinary “hit and run ” situation for which claim against the MVAIC is presented, no identification having been secured. However, neither the statute nor the policy precludes an unusual situation, such as that presented here, from falling within the beneficial intendment of the statute. For the sole criterion is whether the identity of either the operator or the owner of the other vehicle cannot be ascertained. This is essentially the criterion set forth by the indorsement of the insurance policy which gives the definition of a “ hit and run ’ ’ automobile, as follows: 1 2‘ The term ‘ hit- and-run automobile ’ means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or the owner of such 1 hit-and-run automobile ’ ”.
Therefore, upon the proof submitted, the court finds the question presented is to be answered in the affirmative.
Settle judgment.