T. Paul Kane, J.
Respondent Great American Insurance Company moves for an order permanently staying the arbitration demanded by petitioner claimant or, in the alternative, for a jury trial as to any issues of fact that might arise on the application.
Petitioner has made a claim under the uninsured motorist endorsement attached to his policy for alleged injuries sustained as a result of an accident in which ice and snow became dislodged from an unknown tractor trailer traveling in front of the petitioner’s vehicle. The ice allegedly struck his vehicle in the windshield causing the glass to break and the alleged injuries to the petitioner. He described the accident as involving ‘ ‘ a very large sheet of ice blew off vehicle No. 2 ”. The definition contained in the endorsement of his policy defines a hit-and-run vehicle as one which causes bodily injury ‘ ‘ arising out of physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the lime of the accident ”. Respondent seeks to stay arbitration upon the ground that there was no hit-and-run vehicle involved. Petitioner relies upon the case of MVAIC v. Eisenberg (18 N Y 2d 1) in which the hit-and-run vehicle struck another vehicle which in turn struck the claimant’s car. The Court of Appeals held that there existed the required physical contact since the statute does not require direct physical contact without the intervention of another automobile. Also quoted is the case of Gavin v. MVAIC (57 Misc 2d 335) in which an unidentified motor vehicle struck a metal object on the highway causing it to be propelled through the air and strike the claimant who was riding as a passenger in another automobile. Relying upon the Eisenberg decision the court held that there was no distinction in principle between physical contact made through the intermediacy of an unoffending automobile involuntarily propelled by the hit-and-run vehicle into the automobile occupied by the insured person or through the intermediacy of a piece of metal propelled out of the hit-and-run vehicle (citing Matter of Colestock [Utica Mut. Ins. Co.], 28 A D 2d 1205) and vehicle contact through the intermediacy of a metal object in the roadway propelled by the hit-and-run vehicle.
The court finds that the factual situation herein to come within *1017 the guidelines and principles of the above decisions, giving to it the liberal construction characteristic of the interpretations of section 617 of the Insurance Law. Accordingly, the motion is denied.