308 So.2d 851 (1975)
Rex A. POWELL et al., Plaintiffs-Appellants,
v.
R. T. HENDON et al., Defendants-Appellees.
No. 12531.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1975.
*852 Gravel, Roy & Burnes by Chris J. Roy and Dan E. Melichar, Alexandria, for plaintiffs-appellants.
Mayer, Smith & Roberts by Paul R. Mayer, Shreveport, for defendants-appellees.
Before BOLIN, PRICE and DENNIS, JJ.
BOLIN, Judge.
Rex A. Powell, individually and for the minor, Rex D. Powell, and Melba Powell, individually, instituted this suit for damages allegedly resulting from a collision on March 28, 1970, between a Chevrolet automobile being driven by Mr. Powell, and a truck-trailer unit being operated by a person who gave his name as "R. T. Hendon" at the time of the collision. Made defendants were R. T. Hendon, an alleged nonresident, and, alternatively, Allstate Insurance company under the uninsured motorist provision of Powell's liability insurance with Allstate. For oral reasons the lower court rejected plaintiffs' demands and they appeal. For reasons hereinafter expressed we reverse the judgment.
The basic question as related to liability is whether plaintiffs have borne the burden of proving the driver of the truck-trailer unit was a "hit and run driver" entitling plaintiffs to recover under the uninsured motorist provision of the liability policy.
On the date of the accident Mr. Powell was driving his automobile in a northerly direction on Airline Drive in Bossier City. As his vehicle crossed the intersection of Airline and Louisiana Highway 80, the driver of the large truck ran a red light and collided with Powell's vehicle, causing personal injuries to Mr. Powell, his wife Melba Powell, and their son Rex, the latter two being guest passengers. It is undisputed the accident was caused by the negligence of the driver of the truck.
The original suit was filed August 10, 1970, against R. T. Hendon as the driver of the truck and, alternatively, against All-state on the basis that Hendon was uninsured at the time of the accident. The petition set forth a definite address of Hendon in New Mexico and service of process was attempted through the Secretary of State. The Secretary of State being unable to locate Hendon, plaintiffs, on February 22, 1972, filed a motion for a continuance in an effort to locate Hendon. The motion for continuance further set forth it was imperative that plaintiffs determine if there was such a person as "R. T. Hendon". Pursuant to this motion the continuance was granted and the trial date was upset without refixing.
On April 6, 1972 plaintiffs propounded interrogatories to Allstate seeking among other things to ascertain if Allstate had any knowledge of the whereabouts of R. T. Hendon. Allstate's answers to the interrogatories being essentially negative, and *853 plaintiffs, having exhausted all other discovery devices, apparently concluded "R. T. Hendon" was either a fictitious person or was not in fact the driver of the truck.
During the trial testimony of a Bossier City police officer was most enlightening. This officer said he arrived at the scene soon after the accident. After first checking the occupants of the Powell vehicle in order to determine the extent of their personal injuries, he interviewed the driver of the truck who gave his name as "R. T. Hendon". The officer stated the driver informed him he was the owner of the truck; that he gave his address as P.O. Box 451, Sun Land Park, New Mexico. When the officer asked the driver to produce his driver's license the latter stated he did not have one because it had been suspended. The driver had no means of identification on his person or in the truck to verify his name and the address which he gave the officer. The policeman testified there were numerous license plates on the truck and since the driver stated he was hauling out of El Paso, Texas, the officer wrote on his police report the Texas license number. The truck was a 1960 model White bearing vehicle inspection number T869218. The officer, accompanied by the truck driver, drove to the Bossier City police station where the latter was booked for driving without a license, driving under revocation, and negligent injury. No fingerprints or photographs were taken. Approximately three and one-half hours after the driver was placed in jail he received a Western Union money order for $450, which he used to post bond, and plaintiffs have neither seen nor heard from him since.
Plaintiffs personally and through counsel made diligent efforts to obtain the true identity and address of "R. T. Hendon". By letter dated May 25, 1970, the Texas Department of Public Safety informed Mr. Powell that the inspection number T869218, which was the number recorded by the police officer on his accident report, was issued on a 1960 White truck but that it was issued in connection with a Texas registration number which was not the same as the one on the truck at the time of the accident. In a letter date January 14, 1972, the New Mexico Department of Motor Vehicles indicated that it could furnish no knowledge concerning anyone named "R. T. Hendon". On January 17, 1972, the Texas Highway Department notified plaintiffs' attorney by letter that the 1969 license number which was listed on the policeman's accident report was not a correct Texas license number.
There were several other letters and documents filed in evidence which were indicative of the same findings, i. e., no record that would identify "R. T. Hendon".
A retail credit report was introduced in evidence reflecting that R. T. Hendon had a post office box at Sun Land Park, New Mexico, but this report had a typewritten notation thereon:
"We are unable to give you a full and complete report on R. T. Hendon at this time, due to the fact we were unable to locate him in Sunland Park, New Mexico. We contacted local businesses including two individuals who own companies [sic] businesses and were unable to identify him through the sources. He is not listed in the telephone directory or city directory. The Sunland Park post office where he has a post office box refused to identify him. If you can furnish us with any additional leads or information we will be happy to continue coverage."
It was stipulated Rex A. Powell had a liability insurance policy with Allstate providing uninsured motorist coverage with $10,000/20,000 limits. A copy of a policy identical in form to the one under consideration was introduced into evidence and contains, among others, the following provision:
"... `hit-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact *854 of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such `hit-and-run automobile';..." (Emphasis added)
Plaintiffs admit the question of whether this case involves a "hit and run automobile", so as to entitle the insured to recover under the uninsured motorist provision of his liability policy, is res nova in Louisiana. Counsel for plaintiffs contend primarily that if either the operator of the truck or the owner of the truck cannot be ascertained, coverage is afforded under the "hit and run" portion of the uninsured motorist provision. Cited as authority for this argument are the cases of Booth v. Fireman's Fund Insurance Co., 253 La. 521, 218 So.2d 580 (1968); Elledge v. Warren, 263 So.2d 912 (La.App. 3d Cir. 1972); Frazier v. Jackson, 231 So.2d 629 (La.App. 4th Cir. 1970); Box v. Doe, 221 So.2d 666 (La.App. 4th Cir. 1969). Also cited is 26 A.L.R.3d 916, et seq.
We find neither Booth nor Elledge are appropriate to the facts before us. Both cases stand for the general proposition that uninsured motorist provisions in insurance policies should be liberally construed in favor of insureds. However, we do find some language in Frazier and Box which is helpful in deciding this case. We also find the material in 26 A.L.R.3d of some aid as reflecting the trend in other jurisdictions involving cases similar to the instant case.
After a careful review of all the evidence we conclude plaintiffs have shown by a preponderance of evidence that the identity of neither the operator nor the owner of the truck which struck the Powell vehicle can be ascertained. The evidence is overwhelming that plaintiffs, through their counsel, did everything possible to ascertain whether "R. T. Hendon" was in fact the driver of the truck. Viewing all of the circumstances as heretofore outlined, one must conclude that "R. T. Hendon" was either a fictitious person or that the driver was not R. T. Hendon. Indeed there is no evidence to the contrary. Allstate does not seriously contend the owner of the truck was or could be ascertained. We therefore hold plaintiffs have shown they are covered under the plain and unambiguous provisions of Allstate's liability policy as having been involved in an accident with a "hit and run automobile."

QUANTUM
Rex A. Powell sued for property damage to the community-owned Chevrolet automobile. However, this claim has been abandoned since the uninsured motorist provision of Allstate's policy does not cover property damage.
Mr. Powell also sought recovery for medical expenses for himself, his wife and minor son. Since Allstate apparently paid these expenses under the medical payments provision of the insurance policy and plaintiffs offered no proof of any such expenses under the uninsured motorist provision, this portion of the claim is denied. Mr. Powell and the two occupants of the vehicle having received personal injuries in the wreck, it is necessary for us to fix an appropriate award.
Rex D. Powell, who was 13 years of age at the time of the accident, received only minor injuries. There was no medical testimony as to his physical condition. The testimony of his mother, which was uncontradicted, was that her son had cuts on his arm and right side of his chest. His father testified his son was not hospitalized but that he did receive medical treatment in the emergency room of the hospital on the day of the accident and that some stitches were later removed. For these minor injuries we find an award of $500 would be adequate for Rex D. Powell.
Rex A. Powell's injuries were not of a permanent nature. He was treated in *855 the emergency room at the hospital and released. Later on he was examined by his family physician who referred him to Dr. John C. Hardin, a specialist in oral and plastic surgery. Dr. Hardin examined Powell and in connection therewith took several X-rays. He concluded the patient had recived injuries to his nose and mouth. He was unable to find any fractures but stated he "felt he probably did have a nondisplaced fracture of the facial wall of the maxillary sinus". Mr. Powell experienced pain and discomfort for several weeks following the accident. An effort was made to prove loss of wages caused by him having to attend his wife during her hospitalization. We do not find Mr. Powell has proved loss of wages and conclude an award of $1500 would be adequate for his injuries.
Melba Powell was the most seriously injured. She was approximately four months pregnant at the time of the accident which complicated to some extent her normal recovery. She suffered laceration of the skull, which required suturing, general abrasions and contusions, and pleurisy which developed in her rib cage. She was hospitalized in the Bossier City General Hospital from March 28, 1970 through April 10, 1970. Dr. Joffrion examined Mrs. Powell and could find no objective signs of permanent injury. She complained of dizziness for almost a year following the accident, but no medical testimony was offered to connect this condition with the accident. She did have a bloody vaginal discharge for several days while being hospitalized in the Bossier City General Hospital. Fortunately she had a normal birth of her child approximately five months after the accident. For these injuries we fix an award of $4000.00.
For the reasons assigned the judgment of the lower court is reversed and it is now ordered, adjudged and decreed that there be judgment herein against Allstate Insurance Company and in favor of Rex A. Powell, individually, in the sum of $1500; in favor of Rex A. Powell for the minor, Rex D. Powell, in the sum of $500; and in favor of Melba Powell in the sum of $4000.00.
It is further ordered that the sums awarded herein bear legal interest from judicial demand until paid and that Allstate Insurance Company is cast for all costs.