SUSAN E. EMERY, A MINOR, BY AND THROUGH BETTY HIET-FELD AND HOWARD E. TRACY, HER GUARDIANS, APPELLANT, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A FOREIGN CORPORATION, APPELLEE.
SHARON L. EMERY, A MINOR, BY AND THROUGH BETTY HIET-FELD AND HOWARD E. TRACY, HER GUARDIANS, APPELLANT, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A FOREIGN CORPORATION, APPELLEE.
239 N. W. 2d 798

Filed March 18, 1976. Nos. 40282, 40283.

Knapp, State, Yeagley & Mues, for appellants.

Ray C. Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

The question in these cases is whether the defendant

insurer is liable to the plaintiffs under the uninsured motorist coverage of an automobile liability policy issued to their mother in whose automobile they were passengers when it collided with another vehicle. This question in turn must be answered by determining whether or not the other motorist (the tort-feasor) was uninsured within the meaning of section 60-509.01, R. R. S. 1943. The other motorist did, in fact, have liability coverage in the minimum amounts then required by section 60-509, R. R. S. 1943 (Reissue 1968), i.e., $10,000 for injury or death of any one person in an accident and $20,000 for injuries or death of two or more persons in any one accident. In the accident in question, five persons were injured. The tort-feasor's insurance was prorated among the five injured persons and the judgments in favor of the plaintiffs in these two cases were only partially satisfied, each receiving substantially less than $10,000. The plaintiffs thereafter brought this action against defendant insurer to require it to pay the difference between the amounts each had received from the tort-feasor's insurer and the $10,000 per person minimum coverage contained in the uninsured motorist coverage it had issued to plaintiffs' mother. The plaintiffs asserted that the spirit and policy of section 60-509.01, R. R. S. 1943, required that each injured person's judgment be satisfied to at least the extent of $10,000.

The District Court rendered summary judgment for the defendant insurer. We affirm.

Plaintiffs cite and rely principally upon Porter v. Empire Fire & Marine Ins. Co., 12 Ariz. App. 2, 467 P. 2d 77, 106 Ariz. 274, 475 P. 2d 258, 106 Ariz. 345, 476 P. 2d 155, and the holdings of this court in Bose v. American Family Mut. Ins. Co., 186 Neb. 209, 181 N. W. 2d 839; Protective Fire & Cas. Co. v. Woten, 186 Neb. 212, 181 N. W. 2d 835; and Stephens v. Allied Mut. Ins. Co., 182 Neb. 562, 156 N. W. 2d 133. The defendant relies upon a rather lengthy list of authorities, including the following: Brake v. MFA Mut. Ins. Co. (Mo. App.), 525

S. W. 2d 109; Liberty Mut. Ins. Co. v. Clay (Fla. App.), 299 S. 2d 95; Travelers Ins. Co. v. Bouzer, 39 Cal App. 3d 992, 114 Cal. Rptr. 651; Kemp v. Fidelity & Casualty Co. of New York (Tex. Civ. App.), 504 S. W. 2d 633; Lund v. Mission Ins. Co. (Ore.), 528 P. 2d 78; Golphin v. Home Indemnity Co. (Fla. App.), 284 S. 2d 442; Villarreal v. Texas Farmers Ins. Co. (Tex. Civ. App.), 510 S. W. 2d 633; Lund v. State Farm Mut. Auto. Ins. Co., 342 F. Supp. 917; Simmons v. Hartford Accident & Indemnity Co. (Okla.), 543 P. 2d 1384.

Porter v. Empire Fire & Marine Ins. Co., *supra,* supports the plaintiffs' position. The cases listed above, cited by the defendant as well as others which it cites which we do not list, support the defendant's position. Bose v. American Family Mut. Ins. Co., *supra;* Protective Fire & Cas. Co. v. Woten, *supra;* and Stephens v. Allied Mut. Ins. Co., *supra,* are not directly on point and more will be said about these cases later.

Section 60-509.01, R. R. S. 1943, provides in part: "No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in section 60-509, . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

Section 60-509, R. R. S. 1943, is part of the original Motor Vehicle Safety Responsibility Act and the provisions thereof providing the limits for bodily injury or death as of the time of the occurrence were as follows: "Provided, every such policy . . . is subject, if the accident has resulted in bodily injury or death, to a limit

. . . of not less than ten thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, to a limit of not less than twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident." § 60-509, R. R. S. 1943 (Reissue 1968). The section has since been amended to provide for limits of $15,000 and $30,000.

Both sides of the present controversy seem to argue on the assumption that the statute does not define "uninsured motor vehicle" and that therefore reference must be made to the definition of that term contained in the policy. Plaintiffs then look to the statute and say in effect that the definition contained in the insurance policy does not conform to the spirit of the statute which is to insure that every injured party's judgment is satisfied to at least the extent of $10,000. The defendant says that the policy defines "uninsured motor vehicle" and the tort-feasor had insurance as defined in the policy, i.e., "in at least the amount specified by the financial responsibility law," and therefore the plaintiffs have no claim under the policy insuring their mother's vehicle. This court cannot escape blame for the assertion that the statute does not define uninsured motor vehicle and our later discussion will clarify that matter.

Although the statute does not define "uninsured motor vehicle" formally, it nonetheless does so by very clear implication. We hold that, insofar as applicable under the facts of this case, an uninsured motor vehicle is one which does not have in force at the time of the accident liability insurance affording the coverage and limits specified by section 60-509, R. R. S. 1943, for personal injury and death. We point out, however, that the statutory requirements for uninsured motorist coverage include other situations not at issue here, to wit, "hit-and-run motor vehicles," § 60-509.01, R. R. S. 1943; and motor vehicles where the insurer "within one year following the date of loss is in receivership or has been

judicially or administratively found to be insolvent," § 60-509.02, R. R. S. 1943.

It is true that in Stephens v. Allied Mut. Ins. Co., *supra,* we said our statute "does not define the term 'uninsured motorist.' Therefore the terms of the policy in this respect are controlling." We then went on to say that the policy definition which includes situations where there was insurance " 'but the company writing the same denies coverage,' " included cases where the insurer became insolvent. The reason for our holding was that insolvency was the equivalent of a denial of coverage within the meaning of that term of the policy. We were there construing the policy provisions. Stephens has no application here. It should be plain to everyone that while an insurer is free to expand the definition of "uninsured motor vehicle" in order to afford more coverage than the statute requires, it is not free to diminish the statutory definition to afford less coverage than the statute contemplates.

In Bose v. American Family Mut. Ins. Co., *supra,* the insured had two policies and each contained, as required by statute, uninsured motor vehicle coverage. The question in that case was whether the insured could recover under both policies where his judgment was more than $10,000. We held that he could. That case has no application here.

Protective Fire & Cas. Co. v. Woten, *supra,* involved a situation where the policy by its terms attempted to "escape" uninsured motorist coverage merely because another insurer under its uninsured motorist coverage had already paid the $10,000 limit to the claimant. We held such a provision conflicted with the statutory requirements. That case has no application here.

In Porter v. Empire Fire & Marine Ins. Co., *supra,* the Arizona court simply rewrote the statute.

If we were to accept the plaintiffs' position, we would have to rewrite section 60-509, R. R. S. 1943 (Reissue 1968), to read, by adding the words in italics, as follows:

"Provided every such policy . . . if the accident has resulted in bodily injury or death, to a limit . . . of not less than ten thousand dollars because of bodily injury to or death *for each person injured or killed in any one accident.*" We would also have to eliminate from the statute the following words: "subject to said limit for one person, to a limit of not less than twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident."

Although we liberally construe such statutes to accomplish the indicated legislative purpose, we are not free to rewrite the statutes to provide a meaning or purpose they do not contain. See Brake v. MFA Mut. Ins. Co., *supra,* for a more complete development of the rationale as applicable to this case.

We hold that a motor vehicle which is covered by liability insurance for personal injury and death in the limits specified by section 60-509, R. R. S. 1943, does not become an uninsured motor vehicle when, because of multiple claims made, that insurance is insufficient to satisfy the legal liability of the insured to each individual claimant to the limits specified for individual claims under section 60-509, R. R. S. 1943.

Perhaps it should be public policy that every person injured and having a claim against an uninsured motorist should be entitled to recover at least a certain minimum amount, not in excess of the judgment he obtains. This, however, is a matter of public policy which must be determined by the Legislature and not by this court.

AFFIRMED.