559 P.2d 679

Leonard GARDNER and Phyllis Gardner, husband and wife, and Individually, Leonard Gardner, Jr. and Leah Gardner, minors, by and through their actual father and guardian, Leonard Gardner, and Fernando Valencia, Appellants,

v.

AETNA CASUALTY & SURETY COMPANY, a corporation, Appellee.

No. 2 CA–CIV 2155.

Court of Appeals of Arizona, Division 2.

Nov. 22, 1976.

Rehearing Denied Jan. 5, 1977.

Review Denied Feb. 1, 1977.

Robert L. Murray and Bruce E. Aarestad, Tucson, for appellants.

Everett, Bury & Moeller, P. C. by David C. Bury, Tucson, for appellee.

OPINION

HOWARD, Chief Judge.

This is an appeal from a summary judgment in an action for declaratory relief. Plaintiff suffered injuries as a result of colliding with a bale of wire that had fallen off an unidentified flat-bed truck. Aetna's policy obligates it to pay all sums which the insured would be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured arising out of the ownership, maintenance or use of the uninsured automobile. The policy states that the term "uninsured automobile" includes a hit-and-run automobile. Hit-and-run automobile is further defined as meaning an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident pro-

vided the identity of either the operator or the owner of the hit-and-run automobile cannot be ascertained.

For appellants to prevail they must satisfy two requirements under the policy. (1) They must prove that their injuries arose out of the ownership, use or maintenance of the flat-bed truck and (2) they must show that there was physical contact between their vehicle and the flat-bed truck.

In *Mazon v. Farmers Insurance Exchange*, 107 Ariz. 601, 491 P.2d 455 (1971) the court stated that it could find no causal relationship between an injury resulting from a stone thrown by an unknown person from an unidentified vehicle and the ownership, maintenance or use of that vehicle. The court in *Mazon* specifically did not decide the physical contact issue.

Appellee relies on *Balestrieri v. Hartford Accident & Indemnity Insurance Company*, 112 Ariz. 160, 540 P.2d 126 (1975) wherein the court held that the physical contact requirement was not void under our uninsured motorist statute. However, the facts in *Balestrieri* differ from those here. In *Balestrieri*, the insured, in order to avoid an unidentified vehicle which had cut in front of him, swerved off the road and hit a telephone pole. In *Balestrieri*, neither the hit-and-run car nor an object from the hit-and-run car struck the plaintiff's vehicle.

The language of the Aetna policy is clear and unambiguous and requires no construction. It clearly requires a touching or contact between the vehicles to constitute physical contact. As we stated in *Lawrence v. Beneficial Fire & Casualty Insurance Co.*, 8 Ariz.App. 155, 444 P.2d 446 (1968):

"We cannot expand the language used beyond *its* plain and ordinary meaning, nor should we add something to the contract which the parties have not put there." 8 Ariz.App. at 158, 444 P.2d at 449.

There was no contact, direct or indirect, between the "hit and run" vehicle and the vehicle occupied by the insured. Those states which allow coverage based upon an indirect contact hold that the contact required must at least originate in vehicular collision. *Smith v. Great American Insurance Company*, 29 N.Y.2d 116, 324 N.Y.S.2d 15, 272 N.E.2d 528 (1971).

Affirmed.

HATHAWAY and FROEB, JJ., concurring.