152 N.J. Super. 273 (1977)
377 A.2d 957
COMMERCIAL UNION ASSURANCE COMPANIES, PLAINTIFF,
v.
BRIAN KAPLAN AND LYNN COLARUSSO AND STATE FARM MUTUAL INSURANCE COMPANY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 21, 1977.
*275 Messrs. Hein, Smith & Berezin for plaintiff (Mr. Lawrence D. Smith of counsel).
Messrs. Fuchs & Altschul for defendants Brian Kaplan and Lynn Colarusso (Mr. Lewis Greenberg of counsel).
Mr. William D. Surdovel for defendant State Farm Mutual Insurance Company.
MORRISON, J.C.C., Temporarily Assigned.
This case comes before the court on cross-motions for summary judgment. Defendants move for summary judgment on the basis that the suit filed by the carrier cannot be sustained as a matter of law; therefore, the arbitration proceeding should be commenced. Plaintiff moves for a judgment that the coverage under the uninsured motorist endorsement of its policy is not available to either defendant.
The following facts have been established:
On September 27, 1975 defendants Kaplan and Colarusso, after exiting the Holland Tunnel, were proceeding toward the entrance ramp for highways U.S. 1 and 9. Suddenly, and without warning, their vehicle was "cut-off" by an unidentified bus. Kaplan swerved to avoid the bus which caused his Fiat to hit a road divider and roll over. There was no contact between the bus and the Kaplan vehicle.
Kaplan's vehicle was covered by a policy written by plaintiff Commercial Union Assurance Companies, which contained the mandatory uninsured motorist coverage, pursuant to N.J.S.A. 17:28-1.1. Commercial Union has denied coverage *276 on defendant's claim under this uninsured motorist endorsement.
With regard to defendant Kaplan, Commercial has asserted that under "no contact" case law in this State he cannot sustain his claim due to the absence of "corroboration" for his version of the occurrence.
We hold that Pasterchick v. Insurance Co. of North America, 150 N.J. Super. 90 (App. Div. 1977) is controlling on this issue. Pasterchick has declared the corroboration limitation on uninsured motorist coverage invalid as being contrary to the provisions of N.J.S.A. 39:6-78. This being a trial court, it is bound by our appellate decisions. Therefore, plaintiff's action is dismissed as against defendant Kaplan.
With regard to the passenger, plaintiff Commercial Union takes the position that as a condition precedent to Lynn Colarusso's recovering under its uninsured motorist endorsement covering Kaplan, she must litigate the issue of Kaplan's negligence and exhaust the possibility that no identifiable party contributed to the accident. Plaintiff asserts that in order for her rights to arise under the endorsement, a factfinder must determine that Kaplan was "in no way negligent."[1]
At the outset, we note that both Kaplan and Miss Colarusso have consistently stated that their vehicle was cut off by an unidentified bus. The only mention of any identification came by way of a report[2] completed by the claims agent who, for reasons unbeknownst to Kaplan, typed in New Jersey Transportation Co. as the designation of the unknown vehicle.
*277 We further note that the identification issue has been raised by plaintiff solely on the basis of this report  obviously filled out by a person who was not a witness to the accident. Plaintiff has offered no supporting affidavits of any witness to buttress its position.
We are convinced that with regard to this aspect of the case, i.e., preclusion of coverage for the passenger on the basis that she has a cause of action against an insured vehicle (the bus), plaintiff's position cannot be sustained. There is no dispute as to material fact presented  the owner and/or operator of this "phantom bus" cannot be ascertained. By virtue of the coverage mandated by N.J.S.A. 17:28-1.1 and the unidentifiable vehicle definition of N.J.S.A. 39:6-78 incorporated therein, we hold that plaintiff must fail as to this argument.
We now turn to the crux of the controversy presented. From the posture taken by plaintiff carrier, we are confronted with a serious anomaly. By demanding that the passenger, in effect, disprove negligence on the part of the driver Kaplan, the carrier is tacitly admitting the negligence of its own insured. Kaplan and Colarusso have both stated that the bus was the cause of this accident. As was previously stated, there is nothing to contradict them. Basically, plaintiff Commercial, by saying to Colarusso, "Prove your claim," is telling Colarusso, "Sue our insured", "We know he is negligent to some extent and that is why we have refused to pay you under our uninsured motorist endorsement."
In this court's judgment, plaintiff carrier is on a collision course vis-a-vis its insured on the basis of the position it takes. Our Supreme Court has clearly stated, "Thus the relationship of the company to its insured regarding settlement is one of inherent fiduciary obligation." Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 492 (1974). It is obvious that plaintiff carrier is not exercising its fiduciary duties by demanding that the passenger sue its own insured on negligence theory. Advancing this contention, in *278 our opinion, approaches bad faith per se without anything more.[3]
We hold that plaintiff has taken an untenable position and, in effect, is making a pawn of its named insured in order that it might avoid payment under its uninsured coverage to an injured insured under its policy  the passenger. This is contrary to the letter and spirit of insurance law in this State which recognizes insurance as an instrument of social policy and a means by which innocent victims of negligence are compensated. See Cooper v. Gov't Employees Ins. Co., 51 N.J. 86 (1968).
We find this situation very much akin to that in which a a carrier denies any coverage whatsoever, in that the respective positions of the insured and the carrier are opposite. Therefore, a hearing is necessary, at which time the carrier will be put to the option of choosing whether it wants to proceed with its claim that its insured was negligent[4] or desires to recede from this posture and withdraw this claim.
NOTES
[1] The additional defendant, State Farm Insurance Company, insures Lynn Colarusso and takes the same legal position as Commercial Union.
[2] Kaplan has stated that the report in question was in fact signed by him; however, he asserts that the designation of the bus as a New Jersey Transportation vehicle did not appear thereon at the time he signed.
[3] This court has no knowledge of the gravity of the injuries suffered by Miss Colarusso. Should her claim appear to be valued at or beyond the policy limits, the carrier would be treading on very treacherous ground in exposing its insured to personal liability.
[4] If so, a judgment of liability is imminent  the only issue would be damages. The chips will fall where they may as to breach of fiduciary duties.