Joni M. CLARK, Plaintiff and Appellant,

v.

REGENT INSURANCE COMPANY, and Milbank Mutual Insurance Company, and John Doe, an unidentified driver of an unidentified motor vehicle, Defendants and Respondents.

No. 12207.

Supreme Court of South Dakota.

Argued March 10, 1978.

Decided Sept. 6, 1978.

Ronald G. Schmidt of Schmidt, Schroyer & Colwill, Pierre, for plaintiff and appellant.

Robert D. Hofer of Riter, Mayer, Hofer & Riter, Pierre, for defendant and respondent Milbank Mut. Ins. Co.

Timothy J. Nimick of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and respondent Regent Ins. Co.

ZASTROW, Justice (on reassignment).

This is an appeal from the circuit court granting a declaratory judgment to the defendants. Originally, the plaintiff served upon the defendants a summons and complaint and brought this action against the defendant insurers under the uninsured motorist provisions of certain automobile insurance policies of the defendants. Upon the plaintiff's application, the trial court entered its order for service by publication on John Doe, defendant, the unidentified driver of an unidentified motor vehicle. The insurance companies served and duly filed answers to the complaint. The parties entered into and filed a stipulation of facts, including the default of the unidentified driver, praying that the trial court issue a declaratory judgment, pursuant to SDCL 21–24, declaring the rights and status of the parties under the insurance contracts at issue. The trial court issued a declaratory judgment in favor of the defendants, from which the plaintiff appeals. We reverse.

According to the stipulation of facts, on June 27, 1975, the plaintiff, Joni M. Clark, was a passenger in a vehicle owned and operated by Connie Peterson. The Peterson vehicle was travelling in a westerly direction on U. S. Highway 14–A in Lawrence County, South Dakota, between the cities of Sturgis and Deadwood. The Peterson vehicle was travelling in the right lane of traffic and was forced to swerve to the right in order to avoid a head-on collision with an unidentified motor vehicle driven by an unidentified driver, travelling in the opposite direction.

The incident occurred in close proximity to a curve in the highway, and Peterson's evasive action caused her vehicle to leave the highway and roll. The plaintiff was seriously injured; the proximate cause of her injuries being the negligence of the unidentified driver in failing to keep his vehicle in the proper lane of travel on the highway, according to the stipulation.

The plaintiff was a named insured under the Regent Insurance Company (Regent) policy issued to John Clark, and was likewise covered by the Milbank Mutual Insurance Company (Milbank) policy issued to Connie Peterson. As required by SDCL 58–11–9,[1] each policy provided uninsured motorist coverage which is applicable to "hit-and-run motor vehicles." However, each policy contains a definition of a hit-and-run vehicle which is not contained in the statute.

The Regent policy provides the definition:

'[H]it-and-run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, * * *.

The Milbank policy provides a similar definition:

'[H]it-and-run vehicle' means a highway vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, * * *.

All fifty states require insurance carriers to provide uninsured motorist coverage

---

1. SDCL 58–11–9 provides:

"No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in § 32–35–70, or if requested by the insured in limits not exceeding the coverage provided by such policy for bodily injury and death, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom."

with every automobile liability insurance policy either as an option or a mandatory provision. However, there are three different types of uninsured motorist statutes. The first and most prevalent variety requires coverage for only "uninsured motorists", but does not define the term. The second type includes coverage for "hit-and-run vehicles" in the uninsured motorist statutes, but does not define the term, e. g., SDCL 58–11–9. Finally, there are those states which statutorily define a "hit-and-run vehicle" to require a physical contact between the insured vehicle and the unidentified vehicle.[2]

The rationale for the physical contact requirement in automobile insurance policies is to prevent fraudulent claims, ostensibly by providing objective evidence that a vanishing motorist had in fact been involved in the accident. This theory has been upheld in twenty states as a reasonable requirement and a proper contract provision under the uninsured motorist statutes.[3] See 7 Am.Jur.2d, Automobile Insurance § 136.5 (Supp.); Anno. 25 A.L.R.3d 1299.

However, twelve jurisdictions have rejected the physical contact requirement contained in the standard form policy definition of a "hit-and-run vehicle."[4] These

2. See Collins, "The Uninsured Motorist Statute and the Phantom Vehicle," Insurance Counsel Journal, July 1976, p. 358; Comment, Creighton Law Review, Vol. 11, p. 222.

3.

| | |
|---|---|
| Arizona: | Gardner v. Aetna Cas. & Sur. Co. (1977) 114 Ariz. 123, 559 P.2d 679; |
| Arkansas: | Ward v. Consolidated Underwriters (1976) Ark., 535 S.W.2d 830; |
| Connecticut: | Rosnick v. Aetna Cas. & Sur. Co. (1977) 172 Conn. 416, 374 A.2d 1076; |
| Georgia: | State Farm Mutual Automobile Ins. Co. v. Carlson (1973) 130 Ga.App. 27, 202 S.E.2d 213; |
| Illinois: | Prosk v. Allstate Ins. Co. (1967) 82 Ill.App.2d 457, 226 N.E.2d 498; |
| Indiana: | Ely v. State Farm Mutual Automobile Insurance Co. (1971) 148 Ind.App. 586, 268 N.E.2d 316; |
| Kentucky: | Jett v. John Doe (Ky.1977) 551 S.W.2d 221; |
| Louisiana: | Collins v. New Orleans Pub. Ser. Inc. (La.App.1970) 234 So.2d 270; |
| Michigan: | Citizens Mutual Insurance Company v. Jenks (1971) 37 Mich. App. 378, 194 N.W.2d 728; |
| Minnesota: | Lener v. St. Paul Fire & Marine Ins. Co. (1978) Minn., 263 N.W.2d 389 (applying Wisconsin law); |
| Mississippi: | Aetna Casualty & Surety Company v. Head (Miss.1970) 240 So.2d 280; |

| | |
|---|---|
| Missouri: | Ward v. Allstate Ins. Co. (Mo. 1974) 514 S.W.2d 576; |
| Nebraska: | Grace v. State Farm Mutual Automobile Ins. Co. (1976) 197 Neb. 118, 246 N.W.2d 874; |
| New York: | Smith v. Great American Insurance Company (1971) 29 N.Y.2d 116, 324 N.Y.S. 15, 272 N.E.2d 528; |
| No. Carolina: | Hendricks v. United States Fidelity & Guaranty Co. (1969) 5 N.C.App. 181, 167 S.E.2d 876; |
| Ohio: | Buckeye Union Ins. Co. v. Cooperman (1972) 33 Ohio App.2d 152, 62 O.O.2d 248, 293 N.E.2d 293; |
| So. Carolina: | Spaulding v. State Farm Mutual Insurance Co. (1974) 262 S.C. 95, 202 S.E.2d 653; |
| Tennessee: | Smith v. Allstate Insurance Company (1970) 224 Tenn. 423, 456 S.W.2d 654; |
| Texas: | Phelps v. Twin City Fire Insurance Company (Tex.Civ.App. 1972) 476 S.W.2d 419; |
| Wisconsin: | Amidzich v. Charter Oak Fire Insurance Co. (1969) 44 Wis.2d 45, 170 N.W.2d 813. |

4.

| | |
|---|---|
| Alabama: | State Farm Fire & Casualty Company v. Lambert (1973) 291 Ala. 645, 285 So.2d 917; |
| Colorado: | Farmers Insurance Exchange v. McDermott (1974) 34 Colo.App. 305, 527 P.2d 918; |
| Delaware: | Abramowicz v. State Farm Mut. Auto. Ins. Co. (Del.Super. |

decisions are based upon the premise that physical contact is not a statutory requirement and such provisions are a violation of the public policy and general purpose of the uninsured motorist statutes. We find these recent decisions a more persuasive and logical approach to the "phantom vehicle" problem.

■ The purpose of the uninsured motorist statutes is to provide the same insurance protection to the insured party who is injured by an *uninsured or unknown* motorist that would have been available to him had he been injured as a result of the negligence of a motorist covered by the minimum amount of liability insurance.[5] To accomplish that purpose, the provisions of the uninsured motorist statutes are construed liberally in favor of coverage.[6]

The respondents argue that the physical contact requirement is necessary to prevent fraudulent claims. The decisions of the other courts have adequately dealt with fallacy of such reasoning. In *Webb v. United Services Automobile Ass'n*, 1974, 227 Pa. Super. 508, 520, 323 A.2d 737, 743, the court explained:

> While it would certainly eliminate the possibility of fraud to hold the physical

contact clause valid, it would also eliminate any hope of recovery in cases clearly involving another negligent motorist who has avoided liability by getting away. This latter situation is surely within the contemplation of the Uninsured Motorist Coverage Act, and the possibility of fraud can be mitigated by the burden of proof placed on the claimant.

The Hawaii Supreme Court in *DeMello v. First Insurance Company of Hawaii, Ltd.* (1974) 55 Haw. 519, 523 P.2d 304, 308, found the adversary process sufficient to eliminate fraudulent claims, stating:

> This court has held that the fear of a flood of fraudulent claims cannot justify the judicial deprivation of a plaintiff's right to bring an independent action in tort, because the genuineness of the claim can be adequately tested by the mechanisms of our adversary process. [citation omitted] [I]t is not to be forgotten that *plaintiff carries the burden of proof.* \* \* [W]e here hold that the physical impact requirement cannot be used by defendant-insurer to defeat an insured's otherwise valid claim. For us to enforce insurer's physical impact contractual prerequi-

| | |
|---|---|
| | 1977) 369 A.2d 691; O'Hanlon v. Hartford Acc. & Indem. Co. (D.C.Del.1977) 439 F.Supp. 377; |
| Florida: | Brown v. Progressive Mutual Insurance Company (Fla.1971) 249 So.2d 429; |
| Hawaii: | DeMello v. First Insurance Company of Haw. Ltd. (1974) 55 Haw. 519, 523 P.2d 304; |
| New Hampshire: | Soule v. Stuyvesant Insurance Company (N.H.1976) 364 A.2d 883; |
| New Jersey: | Conklin v. Heymann (1973) 124 N.J.Super. 227, 305 A.2d 820; Commercial Union Assur. Companies v. Kaplan (1977) 152 N.J. Super. 273, 377 A.2d 957; |
| New Mexico: | Montoya v. Dairyland Insurance Company (D.C.N.M.1975) 394 F.Supp. 1337; |
| Oklahoma: | Biggs v. State Farm Mut. Auto. Ins. Co. (1977) Okl., 569 P.2d 430; |

| | |
|---|---|
| Pennsylvania: | Webb v. United Services Auto. Assn. (1974) 227 Pa.Super. 508, 323 A.2d 737; |
| Virginia: | Doe v. Brown (1962) 203 Va. 508, 125 S.E.2d 159; |
| Washington: | Hartford Accident and Indemnity Co. v. Novak (1974) 83 Wash.2d 576, 520 P.2d 1368. |

5. *Higgins v. Nationwide Mutual Insurance Co.*, 50 Ala.App. 691, 282 So.2d 295, affirmed 291 Ala. 462, 282 So.2d 301; *Brown v. Progressive Mut. Ins. Co.*, Fla., supra; *Barnes v. Powell* (1971) 49 Ill.2d 449, 275 N.E.2d 377; *Indiana Insurance Company v. Noble* (1970) 148 Ind. App. 297, 265 N.E.2d 419; *Sullivan v. Doe* (1972) 159 Mont. 50, 495 P.2d 193.

6. *Palisbo v. Hawaiian Insurance & Guaranty Co., Ltd.* (Haw.1976) 547 P.2d 1350; *Forrester v. State Farm Mutual Automobile Ins. Co.*, 213 Kan. 442, 517 P.2d 173; *Brake v. MFA Mutual Insurance Company* (Mo.App.1975) 525 S.W.2d 109; *Emery v. State Farm Mut. Auto. Ins. Co.* (1976) 195 Neb. 619, 239 N.W.2d 798.

site would, in effect, amount to our propping up of an arbitrary barricade erected to eliminate all claims for damages resulting from one car accidents. Since it is clear that one car accidents can be caused by the negligent operation of a second 'uninsured' vehicle (as here) any contractual prerequisite of physical contact between automobiles undermines the statutory purposes of HRS § 431–448.

In the words of the Florida Supreme Court:

> The argument that the policy requirement of physical contact is reasonable is fallacious. The only reason for such a requirement is to prove that the accident actually did occur as a claimant may say it did. This is a question of fact to be determined by the jury, or the judge if demand for jury trial is not made. If the injured party can sustain the burden of proof that an accident did occur, he should be entitled to recover regardless of the actuality of physical contact. If twenty witnesses will swear they saw the accident happen, their testimony should not be deemed worthless, as it would be under the decision here for review. *Brown v. Progressive Mutual Insurance Company*, 1971 Fla., 249 So.2d 429;

and the Oklahoma Supreme Court:

> Since the purpose of our uninsured motorist statute is to afford the same protection to a person injured by an uninsured motorist as he would have had if the negligent motorist had carried liability insurance, it would defeat the purpose of the statute to allow insurance contracts to require impact before coverage would be extended to their insured. Admittedly, the burden of proof will be upon the insured to show that the accident was in fact caused by an unidenti-

fied driver, but this opportunity cannot be denied just because there was no 'impact' with the offending car. *Biggs v. State Farm Mut. Auto. Ins. Co.*, 1977 Okl., 569 P.2d 430, 433–434.

The contention that the physical contact requirement prevents fraudulent claims appears to be of dubious merit. We have not found any signs of a flood of "phantom vehicle" claims in the states rejecting the requirement, nor have the legislatures of those states found it necessary to enact a physical contact requirement to their uninsured motorist statutes. We perceive no sound reason to deprive an injured insured of recompense for a valid claim to prevent the "flood of fraudulent claims" which has not materialized in other states.

The defendant's contention that the term "hit" [7] presumes a physical contact is adequately explained by Justice Griffith of the New Hampshire Supreme Court in *Soule v. Stuyvesant Insurance Company* (1976 N.H.) 364 A.2d 883, 884–885:

> The defendant urges us to adopt an interpretation of the statute that ascribes to the phrase 'hit-and-run' an intention to limit required statutory coverage to accidents involving physical contact with 'hit-and-run' automobiles. The defendant points out that the word 'hit' is synonymous with physical contact and therefore a 'hit-and-run' vehicle must refer to a vehicle that has had physical contact with the insured. *Ferega v. State Farm Mut. Auto. Ins.*, 58 Ill.2d 109, 317 N.E.2d 550 (1974); *Prosk v. Allstate Ins. Co.*, 82 Ill. App.2d 457, 226 N.E.2d 498 (1967) and *Hendricks v. Guaranty Co.*, 5 N.C.App. 181, 167 S.E.2d 876 (1969), which are cited by the defendant, accepted this approach and held that the policy provisions did not

---

**7.** Although "hit" (as used in "hit and run vehicle") has been given a strict interpretation by some courts, "run" has not, e. g., where the injured party fails to secure the other motorist's identity, *Riemenschneider v. Motor Veh. Acc. Indem. Corp.*, 47 Misc.2d 549, 262 N.Y. S.2d 950; *McKay v. M.V.A.I.C.*, 56 Misc.2d 777, 290 N.Y.S.2d 234. The "hit and *run* vehicle" was satisfied where the driver gave a fictitious or incorrect identification name, *Powell v. Hendon*, La.App., 308 So.2d 851; and where hospital and police personnel failed to obtain the identity of the driver, *Jones v. Unsatisfied Claims and Judgment Fund Board*, 261 Md. 62, 273 A.2d 418.

conflict with compulsory statutory coverage. We cannot adopt this interpretation, and note at the outset that, if it were correct, the definition defendant inserted in its policy would be superfluous.

The fallacy in interpreting the phrase from the literal meaning of the word 'hit' lies in the fact that it ignores the commonly accepted meaning of the entire phrase. 'In a majority of jurisdictions, statutes have been enacted imposing a duty upon an individual operating or in control of a motor vehicle involved in an accident causing personal injury or property damage, to stop, give certain information, and to render aid to those who have been injured. [These are] [f]amiliarly known as 'hit-and-run statutes . . . .' Annot., 23 A.L.R.3d 497, 500 (1969); 61A C.J.S. *Motor Vehicles* § 674(1) (1970); 7 Am.Jur.2d *Automobiles and Highway Traffic* § 246 (1963). 'The use of the term "hit-and-run" . . . is synonymous with a car involved in an accident causing damages where the driver flees from the scene.' *Hartford Accident v. Novak*, 83 Wash.2d 576, 585, 520 P.2d 1368, 1374 (1974).

We also note that the policy provision requires that the physical contact must be with the person of the insured or with the vehicle the insured is occupying. However, courts in states upholding the "physical contact" requirement have found coverage where there was none with the insured or the automobile occupied by him, but with a third-car, the so-called "indirect physical contact."[8] In *Barfield v. Insurance Company of North America* (1968) 59 Tenn.App. 631, 443 S.W.2d 482, the court held that a "physical contact" requirement was satisfied when the rear wheels of an unidentified vehicle propelled a rock through a claimant's windshield causing a severe injury.[9]

The term "hit-and-run" is a baseball colloquialism[10] which was used to describe violations of the motor vehicle code requirement that a driver involved in an accident must stop, render aid and leave his identification as required by SDCL 32–34–3 to 32–34–9. Although the term "hit-and-run" is not used in the body of those statutes, the compilers have consistently used it in the captions, and this court has referred to them as "hit-and-run" statutes (see *State v. Minkel*, S.D., 230 N.W.2d 233 (1975)) even though there is no statutory requirement of a physical contact, only that the automobile be "involved in an accident."[11] It appears that it was the legislature's intention in using the term "hit-and-run" in SDCL 58–11–9 to refer to any motorists involved in an accident who failed to comply with SDCL 32–34–3 through 32–34–9, without a requirement of physical contact.

The judgment is reversed.

WOLLMAN and MORGAN, JJ., concur.

DUNN, C. J., and TICE, Sr., Retired Circuit Judge, dissent.

TICE, Sr., Retired Circuit Judge, sitting for PORTER, J., disqualified.

---

8. See, e. g., *State Farm Mutual Automobile Ins. Co. v. Carlson*, 130 Ga.App. 27, 202 S.E.2d 213; *Louthian v. State Farm Mutual Insurance Company* (4th Cir. 1973) 493 F.2d 240; *Springer v. Government Employees Ins. Co., Inc.* (La.App. 1975) 311 So.2d 36; *Ray v. DeMaggio* (La.App. 1975) 313 So.2d 251; *Latham v. Mountain States Mutual Casualty* (Tex.Civ.App.1972) 482 S.W.2d 655; *State Farm Mutual Automobile Insurance Co. v. Spinola* (1967) 5th Cir., 374 F.2d 873; *Lord v. Auto-Owners Insurance Company* (1970) 22 Mich.App. 669, 177 N.W.2d 653.

9. Although subsequently reversed, ice and snow falling from an unidentified truck which struck the insured's windshield causing serious cuts, was held to satisfy the physical contact requirement under New York's statutory language. *Smith v. Great American Insurance Company*, 62 Misc.2d 1015, 310 N.Y.S.2d 762, rev. 29 N.Y.2d 116, 324 N.Y.S.2d 15, 272 N.E.2d 528.

10. See Webster's New International Dictionary (2nd ed. 1934) p. 1183. The Ohio courts have referred to the unidentified motorist as "hit-and-skip" drivers. *See State v. Kirchner* (1968) 15 Ohio Misc. 154, 236 N.E.2d 236.

11. Similar "hit-and-run" statutes have been construed not to require physical contact, *People v. Bammes* (1968) 265 Cal.App.2d 626, 71 Cal.Rptr. 415; *State v. Petersen* (1974) 17 Or. App. 478, 522 P.2d 912; *Baker v. Fletcher* (1948) 191 Misc. 40, 79 N.Y.S.2d 580.

DUNN, Chief Justice (dissenting).

The insurance company clarified what may or may not have been an ambiguity in the statute as to the meaning of "hit and run" by requiring *physical contact* in its contract before accepting liability. There is nothing in the statute forbidding the company to so limit its coverage.

I join in the dissent of Judge TICE.

TICE, Circuit Judge (dissenting).

I respectfully dissent from the majority opinion.

Appellant has urged and the majority of this court has accepted that the term "hit-and-run" has some other meaning, such as "cause-and-run", and does NOT require physical contact. I am forced, therefore, to dissent from this decision.

SDCL 58–11–9 deals with coverage for bodily injury or death as a result of an accident involving an uninsured motor vehicle, including a hit-and-run vehicle. Under this statute the insured has a CHOICE of accepting or rejecting the "uninsured motorist" provision in the insurance contract. The insured purchasing this type of protection is entitled to receive just what he bargained for—nothing more nor less. This uninsured motorist statute in one form or another has been on the statute books in South Dakota since 1966 and was last amended in 1975. If the legislature believed or anticipated that it was necessary to exclude physical contact as a requirement for unidentified vehicles to be covered under the uninsured motorist statute, they have had ample opportunity to amend the law and have not seen fit to do so. This is true despite the fact that insurance contract provisions similar to that in the instant case have long been utilized. This is a matter for the legislature and not a matter for this court to legislate.

The pertinent sections of the insurance policies concerned herein state that: "A hit-and-run vehicle . . . means a highway vehicle which causes bodily injury to an insured arising out of *physical* contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident . . . ." (Emphasis added.)

Appellant's chief contention is that the "physical contact" provision of the policies is in contravention of the South Dakota uninsured motorist law and the public policy behind such law. As noted above, however, SDCL 58–11–9 clearly refers to "hit-and-run" not "cause-and-run" or any other such phrase. The statute leaves no question that there may be recovery under the uninsured motorist provisions of an insurance policy if there is a "hit-and-run" vehicle involved. When the insurance contract is clear and reasonable and does not conflict with this statute or any other, there is no room for judicial construction. Rather, the ordinary rules of contract and of statutory construction must apply. We must give plain and definite meaning to the contract terms and not interpolate or superimpose provision and limitations which are not contained therein. If the terms we are considering here were ambiguous, unclear or uncertain, then we would have to construe them in the manner most favorable to the insured, but such is not the case before us. The words "hit-and-run" and "physical contact" are not only words of common and everyday meaning, but are contract terms stated in clear, coherent and unambiguous English. *Amidzich v. Charter Oak Fire Insurance Co.*, 44 Wis.2d 45, 170 N.W.2d 813 (1969).

Like provisions in insurance contracts under virtually identical statutes have been upheld in other jurisdictions as pointed out in footnote 3 of the majority's opinion. In *Prosk v. Allstate Ins. Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498 (1967), for example, the court concluded that the policy language and the statutes were compatible and the statutory language so clear and unambiguous that legislative intent could be ascertained without resort to other aids for construction.

The Nebraska Court in *Grace v. State Farm Mutual Automobile Ins. Co.*, 197 Neb. 118, 246 N.W.2d 874 (1976), held that it was reasonable to require physical contact based on the premise that such a requirement

precludes fraud upon the insurer. Courts universally agree that the prevention of fraud is a permissible and justifiable legislative purpose. It need only be said that a requirement of physical contact attempts to prevent fraudulent claims by requiring of the claimant tangible proof of a collision with a hit-and-run vehicle. That requirement defines and limits the risk of insurers so that fulfillment of the liberal aims of the law is not incompatible with the economic realities of insurance coverage. *Ely v. State Farm Mutual Automobile Insurance Co.*, 148 Ind.App. 586, 268 N.E.2d 316 (1971); and *Prosk, supra.*

A requirement in an automobile insurance policy that there be physical contact of a hit-and-run vehicle with the insured vehicle as a condition precedent to the assertion of a claim under the hit-and-run clause of the uninsured motorist provision is valid and reasonable. It is not a limitation or restriction on the insurance coverage required by SDCL 58–11–9 nor is it in conflict with the beneficial public policy of that statute. The term "hit-and-run" means exactly what it says and cannot be translated into "cause-and-run" where clear statutory and contract terms are involved and require physical contact.

I would affirm the trial court.

I am authorized to state that Chief Justice DUNN joins in this dissent.