Oswald M. McCRORY and Rose Marie McCrory, Individually, etc., Plaintiffs-Appellants,

v.

Alce HALL, Defendant,

Government Employees Insurance Company, Intervenor-Appellee.

No. 72–3688

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 17, 1973.

Vicent P. McCauley, Columbus, Ga., for plaintiffs-appellants.

Howell Hollis, Columbus, Ga., for intervenor-appellee.

John T. Laney III, William G. Scranton, Jr., Columbus, Ga., for Alce Hall.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of

New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

AINSWORTH, Circuit Judge.

McCrory filed a claim with his insurer, Government Employees Insurance Company, to invoke the uninsured motorist provision in his policy after he was injured in an automobile accident with Hall which occurred on the Fort Benning Military Reservation in Georgia. Government Employees Insurance Company intervened in McCrory's suit against Hall, as provided for by Georgia law,[1] alleging that Hall was not an uninsured motorist at the time of the collision, and that, therefore, McCrory's uninsured motorist coverage was not activated. Government Employees Insurance Company was granted summary judgment, from which McCrory appeals.[2] The sole issue presented for review is whether the Georgia uninsured motorist statute requires that an automobile be insured by at least one liability policy in the face amount of no less than $10,000 to prevent its designation as an uninsured motor vehicle.

The question presented has not been interpreted before by the Georgia courts. We are asked to determine whether the Georgia uninsured motorist statute requires that a motorist involved in a collision in Georgia have an automobile liability policy in the face amount of at least $10,000, or whether it requires that we have an aggregate of $10,000 automobile liability insurance available, to preclude his being deemed an uninsured motorist. The question is precipitated by the fact that defendant Hall, a citizen of Louisiana, carried two automobile liability policies, issued in Louisiana, on his automobile, each in the face amount of $5,000. McCrory urges that the Georgia uninsured motorist statute requires a single policy for at least $10,000. Government Employees Insurance Company contends that the aggregate amount of $10,000 of automobile liability insurance satisfies the statute. Under McCrory's interpretation, Hall's automobile would be uninsured in the amount of $5,000 on each policy, and McCrory could recover a total of $10,000 from his own policy with Government Employees Insurance Company under the uninsured motorist provision. Under the insurance company's interpretation, Hall's automobile would not be an uninsured motor vehicle and McCrory's uninsured motorist coverage would not be activated.

Two sections of the Georgia uninsured motorist statute are pertinent. The first, Ga.Code § 56–407.1(a), sets forth the requirements for uninsured motorist coverage. The second, Ga.Code § 56–407.1(b), defines an uninsured motor vehicle. The pertinent statutory provisions are as follows:

§ 56–407.1(a). No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State, upon any motor vehicle then principally garaged or principally used in this State, unless it contains an indorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits

---

1. Ga.Code § 56–407.1(d) provides that

In cases where the owner or operator of any vehicle causing injury or damages be known, and either or both be named as defendants in any action for such injury or damages, a copy of such action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though such insurance company were actually named as a party defendant. . . . [T]he insurance company issuing the policy shall have the right to file

pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself.

*See also* State Farm Mutual Automobile Ins. Co. v. Brown, 114 Ga.App. 650, 152 S.E.2d 641 (1966), holding that intervention by the insurer who provided uninsured motorist coverage is procedurally proper.

2. Defendant Hall is not a party to this appeal.

exclusive of interests and costs which shall . . . be no less than (i) $10,000 because of bodily injury to or death of one person in any one accident, . . . .

. . . . . .

(b) As used in this section, . . . the term "uninsured motor vehicle" means a motor vehicle . . . as to which there is (i) no bodily injury liability insurance and property damage liability insurance or as to which there is bodily injury liability insurance and property damage liability insurance with limits less than the amounts specified in subsection (a) of this section, . . . .

Sections (a) and (b) deal with two distinct classes of automobile owners or drivers. Section (a) prohibits issuance or delivery of an automobile liability policy in Georgia to the owner of a Georgia vehicle, or to one who principally uses the vehicle in Georgia, unless the policy contains uninsured motorist coverage for at least $10,000. This section establishes a state policy that Georgia drivers shall have available to them a minimum amount of automobile liability insurance compensation. Section (b), however, is directed to a different class of automobile owners or drivers: non-Georgia drivers, or those who have not complied or could not comply with section (a). By definition, an uninsured motorist has less than $10,000 liability insurance on his automobile. This section has within its purview out-of-state drivers who are beyond the reach of section (a). Thus while section (a) declares that "No automobile liability *policy* [emphasis added] . . . shall be issued or delivered in this State" unless it contains a minimum of $10,000 uninsured motorist coverage, section (b) defines an uninsured motor vehicle as one for which there is "no bodily injury liability *insurance* [emphasis added] and property damage liability insurance or as to which there is . . . insurance with limits less than the amounts specified in subsection (a) . . . ." We find nothing in the statute compelling the interpretation of "insurance," as used in section (b), to mean "single policy of insurance." The insurance must be within the amounts specified in subsection (a), not in the form specified by section (a). Section (a) is directed toward a class of insureds whose policies are subject to regulation by Georgia law. Section (b) speaks in terms of insureds outside the regulation of Georgia law. Thus section (b) insureds, or uninsureds, cannot be compelled to hold the type of policy Georgia requires for its own citizens.

A Georgia state court has interpreted the purpose of the uninsured motorist statute as follows:

. . . the purpose of the Uninsured Motorist statute is to place the insured in the same position as if the tortfeasor had the $10,000 minimum coverage. State Farm Mutual Auto. Ins. Co. v. Murphy, 226 Ga. 710, 714, 177 S.E.2d 257, 260 (1970).

We find that the purpose of the statute is to provide the Georgia insured accident victim with a guarantee of the availability of a minimum of $10,000 compensation. We do not find that under section (b) this minimum must be the face amount of a single policy, but, rather, under section (b), automobile liability policies may be aggregated to constitute the $10,000 minimum.[3] Since Hall's automobile liability policies aggregate to provide $10,000 coverage, Hall is not an uninsured motorist under the Georgia statute, and McCrory has no claim against Government Employees Insurance Company for uninsured motorist coverage.

Affirmed.

---

3. It is plain on the face of § 56–407.1 (a) that policies issued or delivered pursuant to section (a) must provide uninsured motorist coverage for at least $10,000 in a single policy.