SHELBY MUTUAL INSURANCE CO., APPELLEE, *v.* SMITH ET AL., APPELLANTS.

[Cite as Shelby Mutl. Ins. Co. v. Smith (1976), 45 Ohio St. 2d 66.]

(No. 75-215—Decided January 28, 1976.)

*Messrs. Buckingham, Doolittle & Burroughs* and *Mr. Timothy F. Scanlon,* for appellee.

*Mr. Raymond J. McGowan,* for appellants.

O'NEILL, C. J. The sole question to be determined in this cause is whether Letha Smith may recover for her injuries and damages under the Shelby uninsured motorist coverage.

At the outset, it should be noted that the language of the Shelby insurance policy does not aid appellants. In the family protection coverage clause of the Shelby policy, the following definition is found:

" 'Uninsured automobile' includes * * * :

"(a) an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile * * *."

Since Carl Couch, the operator of the vehicle, was insured by Nationwide Insurance Company to the extent of $25,000 for bodily injuries caused by his negligence, the vehicle was not an "uninsured automobile" under the terms of the Shelby policy.

It is necessary for this court to consider whether the provisions of the Shelby policy are inconsistent with the public policy behind R. C. 3937.18 that requires mandatory offering of uninsured motorist coverage. See *Buckeye Union Ins. Co.* v. *Steiner* (1974), 37 Ohio St. 2d 113, 308 N. E. 2d 460; *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, 294 N. E. 2d 665; and *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 258 N. E. 2d 429.

R. C. 3937.18 states, in pertinent part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered * * * in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in Section 4509.20 of the Revised Code, * * * for the protection of persons insured there-

under who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom * * *.''

Appellants' position is that when the tortfeasor's insurance is exhausted, he becomes ''uninsured'' as to any remaining damages left unpaid. In effect, appellants ask this court to find ''uninsured'' to be synonymous with ''underinsured.'' While this might be a commendable result of appropriate legislation, the plain language of R. C. 3937.18 does not support appellants' position.

Although the particular question raised in this appeal has not been presented to this court before, we have had occasion to comment on the purpose and policy of R. C. 39-37.18.

In *Bartlett* v. *Nationwide Mutl. Ins. Co., supra* (33 Ohio St. 2d 50), this court said, at page 52:

''The basic purpose of R. C. 3937.18 is clear. It 'is designed to protect persons injured in automobile accidents from losses which, because of the tortfeasor's *lack of liability* coverage, would otherwise go uncompensated.' *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 165, 258 N. E. 2d 429; *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 266 N. E. 2d 566; see, also Note 1, 20 Cleve. L. Rev. 10 (1971). In other words, the legislative purpose in creating compulsory uninsured motorist coverage was to place the injured policyholder in the *same position,* with regard to the recovery of damages, that he would have been in if the tortfeasor had possessed liability insurance.'' (Emphasis added.)

In *Weemhoff* v. *Cincinnati Ins. Co.* (1975), 41 Ohio St. 2d 231, 325 N. E. 2d 239, this court said, at page 233:

''The dictates of that section [R. C. 3937.18], and public policy, are satisfied when the minimum limits mandated by R. C. 4509.20 are provided * * *.''

The court in *Weemhoff* was speaking to the requirements of the injured party's own uninsured motorist coverage, but the principle applies equally to the situation in-

volved in this appeal. Since Carl Couch had liability insurance coverage, and that coverage met the requirements of R. C. 4509.20, the court finds that R. C. 3937.18 does not require appellants' own uninsured motorist insurance to cover the damages left unpaid when the tortfeasor's insurance is exhausted.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.