403 A.2d 653.

ANN ZIEGELMAYER *vs.* ALLSTATE INSURANCE COMPANY.

JULY 6, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.   This is an appeal by the plaintiff, Ann Ziegelmayer, from a judgment entered in the Superior Court for the defendant Allstate Insurance Company.

This case was decided by the trial justice upon an agreed statement of facts. In the agreed statement of facts, the parties stipulated that in Providence on August 6, 1971, the 1969 Volkswagen convertible owned and operated by plaintiff was struck by another motor vehicle owned and operated by Jeffrey E. Terentieff (the tortfeasor). The plaintiff came to rest under the right front door of her overturned vehicle. She sustained multiple abrasions and contusions over the face and lower extremeties as well as a brainstem contusion and a possible bifrontal contusion. Her damages were stipulated to be in excess of $18,333.33. She instituted suit against the tortfeasor in the Providence County Superior Court.

The two passengers in plaintiff's Volkswagen were also injured. One commenced an action in the Providence County Superior Court against plaintiff and the tortfeasor, and the other passenger instituted an action against the tortfeasor in the Federal District Court. The tortfeasor was covered by automobile liability insurance with the Hartford Accident and Indemnity Company in the total amount of $20,000. To this amount the tortfeasor added $5,000 of his own funds, and plaintiff and two passengers equally divided the $25,000. On September 13, 1972, plaintiff executed a release in favor of the tortfeasor in consideration of the receipt of $8,333.33. Accordingly, plaintiff's action against the tort-feasor was dismissed with prejudice. Thereafter plaintiff commenced this action against her insurance carrier at the time of the accident to recover $10,000 under the uninsured motorists coverage of her own insurance policy.

The trial justice stated that the crucial issue was whether the tortfeasor was an uninsured motorist on the day in question. The trial justice, however, observed that on the day of the accident the tortfeasor was insured for the minimum liability amounts required by the applicable statutes. G.L. 1956 (1968 Reenactment) §§27-7-2.1; 31-31-7. Accordingly, the trial justice concluded that the tortfeasor was not uninsured and dismissed plaintiff's action.

The plaintiff contends on appeal that the tortfeasor was

underinsured and that she is entitled to recover $10,000 under her uninsured motorists coverage. The validity of plaintiff's argument must be determined by an examination of the scope and purpose of §§27-7-2.1 and 31-31-7. Section 27-7-2.1 provides in pertinent part that no automobile liability policy shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto for the protection of the insured persons "who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." The minimum limits of coverage are established by reference to §31-31-7. The required limits at the time of the accident in the present case were $10,000 for any one person and $20,000 for two or more persons in one accident.[1] Thus, the sole issue is whether the tortfeasor was uninsured within the meaning of these sections.

Our task in construing this legislation is to ascertain and effectuate the intent of the Legislature. *Narragansett Racing Association, Inc.* v. *Norberg*, 112 R.I. 791, 316 A.2d 334 (1974). In the present case, however, we believe that the pertinent statutory sections are unambiguous and that they cannot be interpreted or extended to allow plaintiff to recover. *See State* v. *LaPlume*, 118 R.I. 670, 375 A.2d 938 (1977).

The assumption underlying the insured's argument is that the policy of the Rhode Island uninsured motorist statute is to assure to each insured party a recovery of damages for actual loss. Quite simply we believe this assumption is incorrect. At the time of this accident the statutory sections governing insurance coverage for individuals involved in accidents with uninsured motorists were designed to provide the insured with protection equivalent to that which would have been available to him in the event that he had an accident with a negligent motorist insured by the minimum coverage mandated by §31-31-7. The statutory minima of $10,000 for

---

[1] These limits were raised to $25,000 for one person and $50,000 per accident by P.L. 1976, ch. 314, §2.

injury to one person, and $20,000 for injury to two or more persons clearly were not intended as a guarantee that the insured would be compensated for his actual loss or insulated against instances of underinsurance as long as the minimum statutory standards were met. In this case the tortfeasor was insured for the minimum amounts required by the Legislature. Consequently, we believe that he was not an "uninsured motorist."

The plaintiff asserts that her claim is supported by our decisions in two cases. We have reviewed these cases, however, and believe that they do not support her position. In *Allstate Insurance Co.* v. *Fusco*, 101 R.I. 350, 223 A.2d 447 (1966), we held that a tort-feasor was uninsured to the extent that the bodily insurance liability amounts carried by him were less than the minimum limits mandated by the General Assembly. In doing so we defined an "uninsured" automobile as:

> "an automobile not insured for bodily injury liability in minimum limits established by the legislature." *Id.* at 357, 223 A.2d at 451.

Subsequently, in *Pickering* v. *American Employers Insurance Co.*, 109 R.I. 143, 282 A.2d 584 (1971), we relied on the foregoing definition in determining that a taxicab insured for an amount in compliance with that required by the statute regulating taxicabs but in an amount less than the minimum required by the statute governing uninsured motorists coverage was uninsured. We also refused to recognize "other insurance" clauses and allowed the insured to stack coverage under two policies affording uninsured motorists coverage. In each of these cases, however, the tortfeasor did not have bodily injury insurance in the minimum amounts required by the Legislature. In contrast, the tortfeasor in the present case was covered under a policy for the required limits.

The plaintiff also relies on several cases from other jurisdictions. We observe that although the issue before us is one of first impression in this state, the question has been raised in a variety of factual circumstances in many juris-

dictions. In the great majority of these decisions the courts in construing statutes analogous to those at hand ruled that the insureds were not entitled to recover under their uninsured motorists coverage.[2] The reason for denying relief in those cases was the refusal of the courts to rewrite or expand the operative legislation to allow recovery where the tortfeasor's insurance was in compliance with the statute but was inadequate to cover the plaintiff's damages. We also believe that we would be effectively rewriting §31-31-7 if we construed that section to allow plaintiff to recover. That section clearly establishes the required minimum policy amounts and does not state that every person entitled to recover under uninsured motorists coverage is guaranteed either $10,000 or recovery to the actual amount of loss. We hesitate to contemplate the premium which would be charged for insurance which would allow the recovery sought by plaintiff. We recognize that plaintiff would have received greater compensation if the tortfeasor had been

---

[2]*Chafin* v. *Aetna Ins. Co.*, 550 F.2d 575 (10th Cir. 1976) (applying New Mexico law); *McCrory* v. *Hall*, 477 F.2d 87 (5th Cir. 1973) (applying Georgia law); *Lund* v. *State Farm Mut. Auto Ins. Co.*, 342 F. Supp. 917 (W.D. Okla. 1972); *Criterion Ins. Co.* v. *Anderson*, 347 So. 2d 384 (Ala. 1977); *Wilbourn* v. *Allstate Ins. Co.*, 293 Ala. 466, 305 So. 2d 372 (1974); *Travelers Ins. Co.* v. *Bouzer*, 39 Cal. App. 3d 992, 114 Cal. Rptr. 651 (1974); *Simonette* v. *Great Am. Ins. Co.*, 165 Conn. 466, 338 A.2d 453 (1973); *Hughes* v. *Cotton States Mut. Ins. Co.*, 146 Ga. App. 117, 245 S.E. 2d 466 (1978); *Smiley* v. *Estate of Toney*, 44 Ill. 2d. 127, 254 N.E. 2d 440 (1969); *Detrick* v. *Aetna Cas. & Sur. Co.*, 261 Iowa 1246, 158 N.W. 2d 99 (1968); *Saari* v. *State Farm Auto Ins. Co.*, 72 Mich. App. 278, 249 N.W. 2d 390 (1976); *McMinn* v. *New Hampshire Ins. Co.*, 276 So. 2d 682 (Miss. 1973); *Brake* v. *MFA Mut. Ins. Co.*, 525 S.W. 2d 109 (Mo. Ct. App.), *cert. denied*, 423 U.S. 894, 96 S. Ct. 192, 46 L. Ed. 2d 126 (1975); *Emery* v. *State Farm Mut. Auto Ins. Co.*, 195 Neb. 619, 239 N.W. 2d 798 (1976); *Gorton* v. *Reliance Ins. Co.*, 77 N.J. 563, 391 A.2d 1219 (1978); *Shelby Mut. Ins. Co.* v. *Smith*, 45 Ohio St. 2d 66, 341 N.E. 2d 597 (1976); *Simmons* v. *Hartford Accident & Indem. Co.*, 543 P.2d 1384 (Okla. 1976); *Kemp* v. *Fidelity & Cas. Co.*, 512 S.W. 2d 688 (Tex. 1974); *Tudor* v. *Allstate Ins. Co.*, 216 Va. 918, 224 S.E. 2d 156 (1976); *Strunk* v. *State Farm Mut. Auto. Ins. Co.*, 90 Wash. 2d 210, 580 P.2d 622 (1978); *Ko* v. *Royal Globe Ins. Co.*, 20 Wash. App. 735, 583 P.2d 635 (1978). *But see Porter* v. *Empire Fire & Marine Ins. Co.*, 106 Ariz. 274, 475 P.2d 258 (1970); *Palisbo* v. *Hawaiian Ins. & Guar. Co.*, 57 Haw. 10, 547 P.2d 1350 (1976). *See generally* Annot., Automobile Insurance: What Constitutes an "Uninsured" or "Unknown" Vehicle or Motorist, Within Uninsured Motorist Coverage, 26 A.L.R. 3d 883 (1969); Widiss, *A Guide to Uninsured Motorist Coverage* §2.35A (1978 Supp.)

completely uninsured because plaintiff could have recovered $10,000 under her uninsured motorists coverage. Recently in *Gorton* v. *Reliance Insurance Co.,,* 77 N.J. 563, 391 A.2d 1219 (1978), the New Jersey Supreme Court made the identical observation and stated that:

> "At the same time we acknowledge the oft-cited anomaly that those in the position of these claimants would find themselves in a better position were the tortfeasor's vehicle totally uninsured rather than underinsured. However, the objective of the legislature as we perceive it was to protect the public from a noninsured, financially irresponsible motorist, not one who is insufficiently insured. See *Lund* v. *Mission Insurance Co.,,* 270 Or. 461, 528 P.2d 78 (1974). The protection intended is against an '*un* insured' motorist, not one who is '*under* insured.' The legislature required that a minimum level of coverage be available for each accident when more than one person was injured. It did not undertake to guarantee an irreducible minimum sum available to every injured person under every set of circumstances but simply to make available a *policy* offering minimum levels of coverage." *Id.* at 571-72, 391 A.2d at 1223-24.

We believe that the tortfeasor's failure to carry the minimum insurance required by the statute is a condition precedent to plaintiff's recovery under her policy. We are not at liberty to disregard the clear intent of the statute under the guise of a liberal interpretation. *Simonette* v. *Great American Insurance Co.*, 165 Conn. 466, 338 A.2d 453 (1973).

The defendant insurance company contends that it is absolved from liability because the plaintiff signed a release without giving notice to the company. This issue was not raised as a defense below and therefore cannot be raised on appeal. *Black* v. *Black,* 119 R.I. 127, 140, 377 A.2d 1308, 1314 (1977); *Tente* v. *Tente,* 112 R.I. 636, 641, 314 A.2d 149, 152 (1974).

For the reasons stated, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.

*John J. Finan, Jr.*, for plaintiff.

*Charles H. Anderson*, for defendant.