## STATE

v.

## Dennis C. CARLSON.

### No. 80–46–C.A.

Supreme Court of Rhode Island.

May 23, 1980.

Dennis J. Roberts II, Atty. Gen., Stephen Lichatin III, Special Asst. Atty. Gen., for plaintiff.

Charles J. Rogers, Jr., Providence, for defendant.

## ORDER

This is the state's motion to dismiss the defendant's appeal from a murder conviction for his alleged failure to comply with our rules relating to the ordering of a transcript and the delivery of the transcript to the Clerk of the Superior Court. We considered the motion in open court on May 5, 1980. Trial counsel for the defendant represented to us that the Public Defender's Office had been notified of the defendant's indigence and was preparing to effectuate the appeal. He has further informed us that a motion is presently pending in the Superior Court calling for the appointment of the Public Defender to represent the defendant on the appellate level. Consequently, the motion to dismiss is denied.

■

## Anthony SURGENTO

v.

## AMERICAN EMPLOYERS INSURANCE COMPANY et al.

## Robert OUELETTE

v.

## SENTRY INSURANCE.

### Nos. 78–213–Appeal, 78–254–Appeal.

Supreme Court of Rhode Island.

May 23, 1980.

Lovett & Linder, Ltd., Paul V. Gallogly, Providence, for plaintiffs.

Higgins, Cavanagh & Cooney, Peter S. Haydon, Providence, for American Employers Insurance Company.

Arnold E. Johnson, North Providence, for Sentry Insurance Company.

## ORDER

These are two consolidated cases wherein the plaintiff insureds are seeking to recover damages against their insurers pursuant to the uninsured motorist provisions of the policies issued by each of the insurers. On May 5, 1980, the insureds appeared before us in response to our order to show cause why their appeals should not be dismissed on the basis of our holding in *Ziegelmayer v. Allstate Insurance Co.*, R.I., 403 A.2d 653 (1979). The insureds appeared through their counsel and conceded that in each collision that gave rise to their respective claims, the negligent motorist was covered by the minimum coverage required by G.L. 1956 (1968 Reenactment) § 31–31–7, and thus, in light of *Ziegelmayer*, could not be classified as an uninsured motorist. Since no cause has been shown, in each case the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

MURRAY, J., did not participate.