### Eric W. VanMARTER

v.

### ROYAL INDEMNITY CO.

No. 87–293–Appeal.

Supreme Court of Rhode Island.

March 22, 1989.

Jon M. Boland, Boyer, Reynolds & De-Marco, Providence, for plaintiff.

Kenneth P. Borden, John L. Capone, Linda E. Buffardi, Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

MURRAY, Justice.

The defendant appeals from a Superior Court judgment granting the plaintiff's motion for summary judgment. The plaintiff was granted a declaratory judgment under G.L.1956 (1985 Reenactment) § 9–30–1. The defendant insurance company, Royal Indemnity, was declared liable for uninsured motorist coverage arising from an automobile accident which occurred on July 31, 1985.

The parties filed an agreed statement of facts. An automobile accident occurred between plaintiff, Eric W. VanMarter, and a third party, Philip Berson. VanMarter claims that Berson's negligence caused VanMarter physical injury. The parties agree that for the purposes of this proceeding only, it will be assumed that plaintiff suffered bodily injury. Although Berson had liability insurance, the maximum coverage for liability for plaintiff's bodily injury was $25,000. This amount has been paid to VanMarter. The total dollar amount of injury is unascertained, but potentially could exceed $25,000.

The defendant wrote plaintiff's own automobile insurance policy. This policy was issued in August of 1984 and covered the period of August 20, 1984 to August 20, 1985. VanMarter claims that under his policy and G.L.1956 (1979 Reenactment) § 27–7–2.1 as amended on June 25, 1985 by P.L.1985, ch. 197, § 1, defendant may be liable up to an additional $25,000.

The issue presented is whether the June 25, 1985 amendment to § 27–7–2.1 applies to plaintiff's policy issued in August of 1984. The amendment expands the definition of "uninsured motorist" to include an owner or operator of a vehicle whose liability insurance is not sufficient to compensate fully the victim of his or her tort. If the amendment is applicable to VanMarter's policy, Berson was an uninsured motorist and hence defendant Royal Indemnity is liable for uninsured motorist coverage. It is our belief, however, that the amendment does not apply to a policy issued in 1984. Accordingly we reverse.

The Rhode Island Legislature found it in the public interest to set minimum dollar amounts of coverage for automobile liability insurance. To effect minimum amounts,

a statutory scheme was enacted providing that for such insurance to be legally operative, it must in general provide at least statutorily prescribed dollar amounts of coverage. G.L.1956 (1982 Reenactment) § 31–31–7. These minimum amounts of coverage are set forth in the financial responsibility law, § 31–31–7. Section 31–31–7(a) requires that the minimum-liability coverage for the insured owner or operator of a vehicle for bodily injury the insured causes to others be $25,000 to any one person in any one accident. Section 31–31–7(a) further requires that the minimum-liability coverage for bodily injury to others be $50,000 for two or more persons in any one accident. A policy providing these amounts of coverage is referred to as a "$25,000/$50,000" policy. This coverage is, of course, for the liability of the insured for causing bodily injury to another person or persons.

Another aspect of automobile insurance may be coverage for bodily injury to the insured person. This type of insurance is called uninsured motorist insurance. *See* A. Widiss, *Perspectives on Uninsured Motorist Coverage*, 62 Nw. U.L. Rev. 497, 499 (1967). Such insurance provides coverage where the tortfeasor causing the accident does not have liability insurance, and thus the insured who has been injured is compensated by his or her own insurance company. *Id.* As uninsured motorists may cause the problem of tort victims' being uncompensated, legislation was enacted requiring automobile insurance companies to offer uninsured motorist coverage and to offer it in minimum dollar amounts.[1] *Pickering v. American Employers Ins. Co.*, 109 R.I. 143, 147, 282 A.2d 584, 587 (1971). These minimum dollar amounts are also mandated by § 31–31–7. *Ziegelmayer v. Allstate Ins. Co.*, 121 R.I. 818, 820, 403 A.2d 653, 654 (1979). Thus the statutory minimum dollar amounts for both liability insurance and uninsured motorist insurance are set by § 31–31–7.

As insurance policies provide for uninsured motorist coverage, it must be considered who is an uninsured motorist. Prior to its June 25, 1985 amendment, § 27–7–2.1 contained the term "owners or operators of uninsured motor vehicles," but did not expressly define the term. Section 27–7–2.1, as amended by P.L.1981, ch. 251, § 2. The term "owners or operators of uninsured motor vehicles" or "uninsured motorist" was interpreted to have two definitions. The first definition was a plain meaning interpretation that an uninsured motorist is a motorist without liability insurance. *Allstate Ins. Co. v. Fusco*, 101 R.I. 350, 356, 223 A.2d 447, 451 (1966). The second definition was a motorist who at the time of the accident was not covered by a liability policy in the minimum amounts mandated by § 31–31–7. *Ziegelmayer v. Allstate Ins. Co.*, 121 R.I. at 821, 403 A.2d at 655; *Allstate Ins. Co. v. Fusco*, 101 R.I. at 357, 223 A.2d at 451. Under the second definition, an uninsured motorist could be a motorist with liability insurance, but the coverage of such insurance was in an amount less than that required by § 31–31–7. An uninsured motorist could fit either of the above two descriptions.

On June 25, 1985, § 27–7–2.1 was amended and the following definition added:

"(B) * * * 'uninsured motorist' shall include an underinsured motorist. An underinsured motorist is the owner or operator of a motor vehicle who carries automobile liability insurance * * * in an amount less than the * * * damages that persons injured pursuant to this section are legally entitled to recover because of bodily injury * * *." P.L.1985, ch. 197, § 1.

This amendment expands the definition of uninsured motorist to add a third definition. The third definition is that an uninsured motorist is any motorist whose liability insurance is less than the damages recoverable by a tort victim. Under this definition, a motorist may have liability insurance in the statutorily required amount,

---

1. As originally enacted, G.L.1956 § 27–7–2.1 required insurance carriers to offer uninsured motorist coverage, but the insured could reject such coverage. P.L.1962, ch. 161, § 1. The June 26, 1985 amendment ends the insured's right to reject uninsured motorist coverage for bodily injury. P.L.1985, ch. 288, § 1.

but still be an uninsured motorist if a tort victim's damages are over such amount. With the addition of the June 25, 1985 amendment, there are three types of uninsured motorists under § 27–7–2.1. The three types are first, a motorist without liability insurance, second, a motorist with liability insurance in amounts less than those prescribed by § 31–31–7, and third, a motorist with liability insurance in at least those amounts prescribed by § 31–31–7, but these amounts do not fully compensate the tort victim. In cases where the June 25, 1985 amendment is applicable, an uninsured motorist could fit any of these three descriptions.

The statutory scheme for automobile insurance is important since the contracts of insurance carriers must conform to the scheme if such legislation is constitutional. *Allstate Ins. Co. v. Fusco*, 101 R.I. at 356, 223 A.2d at 450. The statutory requirement of financial responsibility as a condition precedent to the operation of motor vehicles on public highways is a valid exercise of police powers and is constitutional. *Id.; Berberian v. Lussier*, 87 R.I. 226, 231–32, 139 A.2d 869, 873 (1958). In cases where insurance policies do not conform to the statutory requirements, the language of the policy will be disregarded and the contract will be construed to conform to the statute. *Aldcroft v. Fidelity & Casualty Co.*, 106 R.I. 311, 318, 259 A.2d 408, 413 (1969); *Allstate Ins. Co. v. Fusco*, 101 R.I. at 356, 223 A.2d at 450. As regards the definition of an uninsured motorist, the terms of an insurance policy defining uninsured motorist will be construed to conform to a minimum of the statutory definition. Thus it must be considered when the preamendment definition of uninsured motorist was effective, and when the postamendment definition became effective because the coverage of insurance policies will vary accordingly.

In general, statutes and their amendments are presumed to operate prospectively unless it appears by clear, strong language or by necessary implication that the Legislature intended to give the statute retroactive effect. *Lawrence v.*

*Anheuser–Busch, Inc.*, 523 A.2d 864, 869 (R.I.1987); *Dulgarian v. City of Providence*, 507 A.2d 448, 453 (R.I.1986). In regard to § 27–7–2.1, if the amendment applies to policies already in effect, it is retroactive as it enlarges the coverage of insurance policies from coverage for only two definitions of uninsured motorist to coverage for three definitions of uninsured motorist. Upon examining the June 25, 1985 amendment, we find no language or other indication of legislative intent that the amendment be effective retroactively. The amendment stated that it was "effect[ive] upon passage." P.L.1985, ch. 197, § 2. A careful reading of the rest of the amendment gives no indication that it was meant to be applied retroactively.

As the amendment itself does not contain any indication that it was meant to be retroactive, the statute as a whole must be examined to determine if there is any necessary implication that the amendment apply retroactively. Both prior to and after the June 25, 1985 amendment, and at present, § 27–7–2.1 provides:

> "Uninsured motorist coverage.—(A) No policy insuring against loss resulting from liability imposed by law for * * * bodily injury * * * arising out of the ownership * * * of a motor vehicle *shall be delivered or issued for delivery* * * * with respect to any motor vehicle * * * unless coverage is provided therein * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." (Emphasis added.)

Upon reading the above part of the statute, there is no language necessitating a retroactive application of the amendment. On the contrary, the statute states that it applies to insurance policies that "shall be delivered or issued for delivery." This language makes clear that the statute's mandate regarding uninsured motorist coverage and any amendments defining such coverage applies to future policies.

Only insurance contracts issued, delivered, or renewed on or after the amendment's effective date, June 25, 1985, would

be subject to the amendment's provisions. Other courts have also construed similar amendments to their insurance statutes to be effective only in regard to future policies. *MFA Ins. Co. v. Hankins,* 610 P.2d 785, 788 (Okla.1980); *Higgins v. MFA Mutual Ins. Co.,* 550 S.W.2d 811, 813–14 (Mo. Ct.App.1977); *see also* 3 I. Schermer, *Automobile Liability Insurance,* § 35.05 (2d rev. ed.1988).

Rhode Island case law on the topic of the effective date of statutory amendments to insurance statutes is found in *Pickering v. American Employers Ins. Co.,* 109 R.I. 143, 282 A.2d 584 (1971). In *Pickering,* the plaintiff purchased her uninsured motorist coverage when § 31–31–7 required minimum-liability coverage of $5,000/$10,000. *Id.* at 154, 282 A.2d at 590. Later, the Legislature raised the minimum limits to $10,000/$20,000. *Id.* Later still the plaintiff was involved in an accident. This court held that the amendment raising minimum coverage did not apply to a policy issued before the amendment's effective date, and that the insurer was responsible only for the statutory minimum in effect when the policy was delivered, $5,000/$10,000. *Id.* The statutory amendment considered in *Pickering* is analogous to the amendment presently under consideration. Retroactive application of the amendment was not sanctioned.

The plaintiff argues that since his policy provided uninsured motorist coverage, the term "uninsured motorist" should be defined by the statute in effect at the time of the accident, July 31, 1985. He contends that the statute in effect is § 27–7–2.1 as amended on June 25, 1985. We agree that the term "uninsured motorist" in his policy should be construed to, at a minimum, comport with the statute in effect *in regard to his policy.* However, we disagree that the statute in effect regarding his policy is the version as amended on June 25, 1985. The statute governing his policy which was issued in August of 1984 is the preamendment version, § 27–7–2.1, as amended by P.L.1981, ch. 251, § 2.

In the case at bar, Philip Berson is not an uninsured motorist under § 27–7–2.1 as in effect when plaintiff's policy was issued in August of 1984. Berson had liability insurance for bodily injury in an amount in accord with § 31–31–7. It is true that Berson's insurance may be insufficient to cover his potential liability to VanMarter. However, this insufficiency does not make Berson an uninsured motorist under § 27–7–2.1 prior to its June 25, 1985 amendment, although it would for a policy issued, delivered, or renewed on or after June 25, 1985.

In considering a motion for summary judgment, the trial justice must determine whether there is a genuine issue of material fact. *Lawrence v. Anheuser–Busch, Inc.,* 523 A.2d at 867. If no genuine issue of material fact exists, the trial justice determines whether the moving party is entitled to judgment as a matter of law. *Id.* In the present case summary judgment should have been granted for the defendant.

The defendant's appeal is sustained. The judgment below is reversed, and the papers are remanded to the Superior Court with instructions to enter judgment for the defendant.

KELLEHER, J., did not participate.