Frederick ANDERSON

v.

LIBERTY MUTUAL INSURANCE COMPANY.

No. 93–58–A.

Supreme Court of Rhode Island.

Jan. 20, 1994.

Annette Elseth, Lovett, Schefrin & Gallogly, Aram Schefrin & Gallogly, Providence, for plaintiff.

Patricia Sylvester, Plunkett, Kiernan, Plunkett & Redihan, Providence, Charles J. Vucci, Cranston, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Liberty Mutual Insurance Company (Liberty), appeals from a Superior Court order granting the plaintiff's motion for summary judgment and denying its own motion for summary judgment.

On May 25, 1984, Frederick Anderson (plaintiff) was injured while a passenger in a motor vehicle owned by William B. Finelli (Finelli), who was insured by Liberty. The policy limits were $25,000 per person. The policy provided uninsured-motorist coverage for three vehicles owned by Finelli, who paid separate premiums for each vehicle. Since plaintiff's damages exceeded $25,000, he filed a declaratory-judgment action to determine whether he was entitled to stack the uninsured-motorist coverage, which would make $75,000 of coverage available. Cross-motions for summary judgment were filed, and the trial justice granted plaintiff's motion.

The policy in effect at the time of the accident contained what is described as an antistacking provision. Part C provides that the coverage set forth in the declarations, $25,000 "is our maximum limit of liability for

all damages resulting from any one accident. This is the most we will pay regardless of the number of * * * Vehicles or premiums shown in the Declarations."

This court recognized that uninsured-motor-vehicle insurance policies could be stacked based on the reasonable expectations of the policy holder and the insurer. *Taft v. Cerwonka*, 433 A.2d 215 (R.I.1981). In 1987 the uninsured-motorist statute was amended to establish that antistacking clauses in motor-vehicle insurance policies are void as a matter of public policy, G.L.1956 (1979 Reenactment) § 27–7–2.1(c), as amended by P.L. 1987, ch. 435, § 1. There is no language in that amendment that gives an indication that the amendment was intended to be applied retroactively. Therefore, the uninsured motorist statute in effect at the time of this accident in 1984 applies to the case before us. *VanMarter v. Royal Indemnity Co.*, 556 A.2d 41 (R.I.1989). In the absence of any statutory provision to the contrary, the parties were free to contract as they wished. Limitation of liability provisions found in an uninsured-motor-vehicle insurance policy issued prior to the 1987 amendment will be held valid. *Constant v. Amica Mutual Insurance Co.*, 497 A.2d 343 (R.I.1985).

Under the law in effect at the time of this accident Finelli's policy contained antistacking language that was not invalid or illegal. The plaintiff's status as a passenger does not entitle him to any greater benefit than the unambiguous language provided to the owner of the insured vehicle.

For these reasons the defendant's appeal is sustained, the judgment appealed from is reversed, and the order denying the defendant's motion for summary judgment is reversed. The papers of the case are remanded to the Superior Court for entry of judgment for the defendant.