Jessica L. Papazian–Ross, John A. McQueeney, Providence, for Defendant.

Present: WEISBERGER, C.J., and BOURCIER and FLANDERS, JJ.

Domenica FAMA

v.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY.

No. 96–126–Appeal.

Supreme Court of Rhode Island.

June 13, 1997.

### OPINION

PER CURIAM.

The plaintiff, Domenica Fama (Fama), appeals from the Superior Court's entry of a final judgment in favor of the defendant, Prudential Property and Casualty Insurance Company (Prudential). We ordered the parties to show cause why the appeal should not be summarily decided. After considering their written memoranda and oral arguments, we conclude that no cause exists to prevent us from deciding the appeal at this time.

On December 22, 1993, Fama was hit by an automobile while walking through a parking lot in Warwick, Rhode Island. Thereafter, Fama filed a complaint for declaratory judgment against her insurer, Prudential, seeking to determine how much uninsured/underinsured motorist (UIM) coverage was available to her. At the time of the

accident Fama was a named insured in an automobile policy issued by Prudential with bodily-injury limits of $100,000 per person and $300,000 per accident. The policy also provided UIM coverage in the amount of $50,000 per person and $100,000 per accident. Fama's initial 1978 policy with Prudential had contained UIM coverage of $25,000/$50,000, which was increased to $50,000/$100,000 in May 1986 at her request. In October 1993, Prudential renewed Fama's policy with UIM coverage in the amount of $50,000/$100,000. It did not, however, offer her UIM coverage equal to her bodily-injury liability limits. Fama thus sought a declaration that she was entitled to the $100,000/$300,000 UIM coverage Prudential failed to offer her. After hearing cross motions for summary judgment, a Superior Court justice denied Fama's motion, granted Prudential's motion, and entered a final judgment for Prudential.

■ Fama contends on appeal that Prudential had an affirmative obligation to offer her UIM coverage equal to her bodily-injury liability limits when it renewed her policy in October 1993. In support of this position, she relies upon G.L.1956 § 27-7-2.1(A)(3) (now § 27-7-2.1(d))[1] and our decision in *Aetna Casualty & Surety Co. v. St. Angelo*, 615 A.2d 1018, 1018 (R.I.1992) ("section 27-7-2.1(A)(3) direct[s] the insurer to notify the policy holder of the availability of uninsured motorist coverage equal to the liability coverage in the policy"). Prudential counters that an insurance regulation effective November 19, 1986, allowed it to continue UIM coverage at a level below the liability limits if the insured had made an earlier election to do so. Because Fama had previously elected UIM coverage in the amount of $50,000/$100,000, Prudential argues, it was not required to notify her of an option to obtain a higher coverage when it renewed her policy.

We hold that when Prudential renewed Fama's policy in October 1993, it was obliged by § 27-7-2.1(d) to notify her of the availability of coverage for UIM benefits in an amount equal to her bodily-injury liability limits—namely, $100,000 per person and $300,000 per accident. *See Aetna Casualty & Surety Co.*, 615 A.2d at 1018 (§ 27-7-2.1(A)(3) "direct[s] the insurer to notify the policy holder of the availability of uninsured motorist coverage equal to the liability coverage in the policy"). Because Prudential failed to provide this notification, Fama's UIM coverage shall be reformed to equal the policy's coverage for bodily injuries as if Fama had selected such coverage after having been notified of her opportunity to do so. *Cf. VanMarter v. Royal Indemnity Co.*, 556 A.2d 41, 44 (R.I.1989) ("where insurance policies do not conform to the statutory requirements, the language of the policy will be disregarded and the contract will be construed to conform to the statute").

■ The regulation relied upon by Prudential must give way to the later-enacted statutory command requiring notification to policy holders of their option to obtain UIM coverage equal to the policy's liability limits when the policy is renewed. Similarly, the mere fact that Fama had previously elected to purchase a higher level of UIM coverage did not relieve Prudential of its statutory responsibility to notify the policyholder of her option to purchase UIM coverage equal to the liability limits in the policy when the policy is renewed. The insurer's duty to provide this notice when a policy is renewed does not depend upon whether the insured has actual or imputed knowledge from previous experience of the right to obtain this higher coverage.

For these reasons we sustain Fama's appeal, reverse the motion justice's grant of summary judgment in favor of Prudential, and remand the papers in this case to the

---

1. General Laws 1956 § 27-7-2.1(d) provides:
   "After the selection of limits by the named insured or the exercise of the right to reject that portion of the coverage which applies to property damage, the insurer or any affiliated insurer *shall* be required to notify the policyholder, in any renewal, reinstatement, substitute, amended, altered, modified, transfer, or replacement policy, as to the availability of that coverage or optional limits. The insured may, subject to the limitations expressed in this chapter, make a written request for higher limits, newly added coverage, or coverage more extensive than that provided on a prior policy."

Superior Court for entry of a judgment in favor of Fama consistent with this opinion.

LEDERBERG and GOLDBERG, JJ., did not participate.