OPINION
{¶ 1} Defendant-appellant Marcus Tyler appeals the June 13, 2002 Entry issued by the Fairfield County Court of Common Pleas which denied his Motion to Dismiss two counts of felonious assault and one count of escape. Plaintiff-appellee is the State of Ohio.
STATEMENT OF THE CASE[1]
 {¶ 2} On June 8, 2001, appellant was indicted by the Fairfield County Grand Jury in Case No. 2001-CR-168 ("Fairfield-168") on one count of robbery and one count of failure to comply with the order or signal of a police officer. Appellant was not arrested on those charges until September 20, 2001.
 {¶ 3} On June 20, 2001, appellant was indicted and served with one count of receiving stolen property, one count of possession of criminal tools, and one count of failure to comply with the order or signal of a police officer in Franklin County, Ohio, Case No. 01-CR-06-3560 ("Franklin-3560"). On June 21, 2001, appellant was also indicted in Franklin County Case No. 01-CR-06-3607 ("Franklin-3607"). That indictment was for six counts of robbery which were unrelated to Franklin-3560.
 {¶ 4} Appellant bonded out of the Franklin County Jail in both Franklin-3560 and Franklin-3607 on September 20, 2001. Upon his release from the Franklin County Jail, appellant was transferred to the Fairfield County Jail to face the charges in Fairfield-168. Bond in both Franklin-3560 and Franklin-3607 was subsequently surrendered on November 27, 2001. As of the date of the trial court's June 13, 2002 Entry, the charges in both Franklin County cases remained pending. There were also holders placed on appellant from the State of Indiana and Delaware County, Ohio[2].
 {¶ 5} On October 12, 2001, appellant was indicted in the case sub judice by the Fairfield County Grand Jury on two counts of attempt to commit murder, two counts of felonious assault on a police officer and one count of escape. This indictment arose out of an incident which occurred at the Fairfield County Jail on September 22, 2001. These charges were assigned Case No. 01-CR-315 ("Fairfield-315"). Appellant was arrested on these charges on October 15, 2001. Appellant subsequently filed a written plea of not guilty by reason of insanity and was later found competent to stand trial by Entry filed February 6, 2002.
 {¶ 6} On May 22, 2002, appellant filed a Motion to Dismiss in both Fairfield-168 and Fairfield-315 based upon R.C. 2945.71. The trial court denied the motion via Entry filed June 13, 2002.
 {¶ 7} A jury trial in Fairfield-315 commenced on July 16, 2002. On July 17, 2002, appellant entered a plea of no contest to two counts of felonious assault and one count of escape and was convicted and sentenced thereon via Judgment Entry filed July 23, 2002.
 {¶ 8} Following the entry of conviction and sentence, appellant timely appealed the trial court's June 13, 2002 Entry denying his Motion to Dismiss based upon violation of the speedy trial statute.
 {¶ 9} Appellant assigns as error:
 {¶ 10} "I. The trial court erred in denying appellant's motion to dismiss under Ohio revised code section 2945.73 for the failure of the state to bring the appellant to trial within the time required by ohio revised code 2945.71."
 I {¶ 11} Appellee stipulated in its Memorandum Contra Motion to Dismiss that as of the date of trial and excluding days tolled, 112 days had passed since appellant's arrest. Resolution of this appeal depends upon whether appellant was entitled to triple-count for those 112 days pursuant to R.C. 2945.71(E). If so, appellant's statutory speedy trial rights were violated.
 {¶ 12} Both parties agree the applicable law is found in State v.McDonald (1976), 45 Ohio St.2d 66. Therein, the Ohio Supreme Court held the triple count provision found in R.C. 2945.71(D) is applicable only to those defendants held in jail in lieu of bail solely on the pending charge.
 {¶ 13} Appellant's argument is based upon his assertion his bonds in Franklin-3560 and Franklin-3706 were never revoked and he remained eligible for release on bond in those cases. Appellant's Brief at 3. Appellant argues ". . . appellant was being held in jail [in Franklin County] solely on the Fairfield County charges and could have made bond on the Franklin County charges . . . " Appellant's Brief at 8. Bail was surrendered in both Franklin County cases. Although appellant may have been eligible for bond in those cases, the fact remains appellant did not post an additional bond after his original bonds were surrendered. Accordingly, we agree with the trial court's conclusion the triple-count provision in R.C. 2945.71(D) does not apply because appellant was not being held solely on the Fairfield County charges. Eligibility for bond does not equal release on bond.
 {¶ 14} Appellant's sole assignment of error is overruled.
 {¶ 15} The judgment of the Fairfield County Court of Common Pleas is affirmed.
By: Hoffman, J., Wise, J., and Edwards, J. concur
[1] The facts constituting the underlying offenses are unnecessary for resolution of this appeal.
[2] It is unnecessary for our resolution of this assignment of error to determine the legal significance of the holders of the State of Indiana and Delaware County, Ohio.